ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. In Cause #4402, Joe Howard was indicted under Mississippi Code Annotated section 97-3-95 (Rev.2006). for the sexual battery of a child, R.L.,
 
 [1]
 
 who was under fourteen years old. In Cause #4403, Howard was indicted for the sexual battery of a second child, J.M., a male over fourteen years old. Howard was also indicted for sexual battery in Cause # 4404 for another incident involving J.M.
 

 ¶ 2. On June 18, 1998, Howard pled guilty to the charges in the Circuit Court of Webster County. The circuit court accepted Howard’s guilty plea and sentenced him to twenty years on each count, which was ordered to be served concurrently.
 

 ¶ 3. Since his guilty plea, Howard has filed numerous motions for post-conviction relief (PCR), which have all been denied. Howard first filed his latest PCR motion— a motion for post-conviction DNA testing — with the Mississippi Supreme Court. In its April 16, 2010, order, the supreme court noted that the Circuit Court of Webster County had recently denied Howard’s seventh PCR motion, sanctioned Howard by taking away 180 days of his earned time, and barring Howard from filing any future PCR motions. The supreme court stated that there are exceptions to the successive-writ bar, such as the DNA-evidence exception, that may require the circuit court’s attention. Then, the supreme court dismissed Howard’s motion without prejudice so that he may properly file his motion with the circuit court.
 

 ¶ 4. Thereafter, on May 3, 2010, Howard filed his PCR motion with the Circuit Court of Webster County pursuant to Senate Bill 2891.
 
 [2]
 
 In his motion, Howard
 
 *997
 
 argued that: (1) he was innocent of the crimes to which he had pled guilty; (2) there exists “specifically identified” biological evidence not previously tested; and (3) testing will demonstrate to a reasonable probability that he would not have been convicted.
 

 ¶ 5. On May 7, 2010, the circuit court summarily dismissed Howard’s motion for post-conviction relief. Aggrieved, Howard now appeals.
 

 ANALYSIS
 

 ¶ 6. We will not disturb the circuit court’s dismissal of a PCR motion unless it is clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712 (¶2) (Miss.Ct.App.2004). Issues of law are reviewed de novo.
 
 Id.
 

 I. Whether Howard is innocent of the crimes for which he pled guilty.
 

 ¶ 7. In his first assignment of error, Howard challenges the facts that form the basis of his guilty plea. Specifically, Howard maintains that he did not admit guilt of the sexual batteries to the victims’ relatives.
 

 ¶ 8. The Mississippi Uniform Post-Conviction Collateral Relief Act provides a three-year statute of limitations. Miss. Code Ann. § 99-39-5(2) (Supp.2010). Howard pled guilty to the three charges of sexual battery in 1998; he did not file this motion for post-conviction relief until 2010. Thus, it is time-barred.
 

 ¶ 9. There are four exceptions to the three-year statute of limitations: (1) an intervening United States Supreme Court or Mississippi Supreme Court decision; (2) newly discovered evidence, not reasonably discoverable at the time of trial; (3) the existence of biological evidence and a showing that testing would probably exonerate the defendant or lessen his sentence; and (4) a claim that the defendant’s probation, parole, or conditional release was unlawfully revoked.
 
 Id.
 
 In addition, Howard’s claim is successive-writ barred because Howard has previously filed other motions for post-conviction relief.
 
 See
 
 Miss.Code Ann. § 99-39-23(6) (Supp. 2010). Accordingly, we conclude that the circuit court did not err. This issue lacks merit.
 

 II. Whether the circuit erred by summarily dismissing Howard’s PCR motion.
 

 10. In his second assignment of error, Howard challenges the circuit court’s dismissal of his PCR motion requesting post-conviction DNA testing. As previously noted, Howard indicated that he had filed his motion pursuant to Senate Bill 2891, which died in committee. Instead, it was Senate Bill 2709 that was successfully passed to amend Mississippi Code Annotated section 99 — 39—5(2)(a)(ii), allowing petitioners to file a motion for post-conviction relief requesting DNA testing.
 

 ¶ 11. The statute provides, in pertinent part, that:
 

 Excepted from this three-year statute of limitations are those cases in which the petitioner can demonstrate either:
 

 [[Image here]]
 

 That, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable
 
 *998
 
 results had been obtained through such forensic DNA testing at the time of the original prosecution.
 

 Miss.Code Ann. § 99—39—5(2)(a)(ii) (Supp. 2010).
 

 ¶ 12. The circuit court summarily-dismissed Howard’s motion for post-conviction relief as premature pursuant to Senate Bill 2891. However, since this bill was not passed, its effective date is irrelevant. “[A]ppellate courts generally afford [pro se] litigants some degree of leeway on appeal.”
 
 Goodin v. Dep’t of Human Servs.,
 
 772 So.2d 1051, 1054 (117) (Miss. 2000). With this in mind, we find that the circuit court should have given Howard the benefit of the doubt and reviewed his PCR motion pursuant to section 99-39-5(2)(a)(ii), which was effective March 16, 2009. Howard filed his motion for post-conviction relief on May 3, 2010. Because Howard’s motion would not have been premature under this statute, we find that the circuit court erred by summarily dismissing Howard’s motion for post-conviction relief on this ground.
 

 ¶ 13. Although we disagree with the circuit court’s reasoning for dismissal, we have determined that the right result was reached and affirm on alternate grounds.
 
 McClurg v. State,
 
 870 So.2d 681, 682 (¶ 6) (Miss.Ct.App.2004).
 

 A. One Judgment Per Filing
 

 ¶ 14. In his PCR motion, Howard attacks three, separate guilty pleas. Mississippi Code Annotated section 99-39-9(2) (Supp.2010) provides that:
 

 A motion shall be limited to the assertion of a claim for relief against one (1) judgment only. If a petitioner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions.
 

 Thus, by statute, Howard may only attack one judgment per filing.
 
 Shaw v. State,
 
 803 So.2d 1282, 1284-85 (¶ 9) (Miss.Ct.App. 2002). Because Howard has improperly challenged three separate judgments in his PCR motion, the dismissal of his motion was proper on this alternative ground.
 

 ¶ 15. Despite this reason of dismissal, we have also determined that Howard’s PCR motion does not comply with section 99-39-5(2)(a)(ii).
 

 B. DNA Evidence
 

 ¶ 16. As previously mentioned, section 99—39—5(2) (a) (ii) allows petitioners to request DNA testing of previously tested or untested biological evidence if testing “would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.”
 

 ¶ 17. In his PCR motion, Howard claimed that “[tjhere exists specifically identified biological evidence secured in relation to [the] investigation or prosecution [of the crimes] which has not been previously tested.” But on page four of his PCR motion, Howard stated that he had attached supporting documentation to show that there was
 
 no existing evidence.
 
 As an exhibit to his motion, Howard had attached the “State’s Response to Request for Discovery.” In its response, the State indicated that there were no crime laboratory reports or tests and no physical evidence available. Howard also stated on page nine of his PCR motion that “[t]here was no sexual assault kit test [done] on me or the victims.” Howard repeated these statements in his brief on appeal to this Court.
 

 ¶ 18. It plainly appears from the face of Howard’s PCR motion and the attached exhibits that there is no existing biological evidence available for testing in this case. Because Howard has not shown that there is existing biological evidence, we deter
 
 *999
 
 mine that he has failed to meet the requirements of section 99-39-5(2)(a)(ii). Accordingly, his PCR motion was properly dismissed.
 

 CONCLUSION
 

 ¶ 19. Although we disagree with the circuit court’s reasoning for the dismissal, the right result was reached, and the judgment is affirmed on the following alternate grounds: (1) Howard improperly challenged more than one judgment in his motion, and (2) there is no existing biological evidence to test, which is required under section 99 — 39—5(2)(a)(ii). The judgment of dismissal is affirmed.
 

 ¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF WEBSTER COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WEBSTER COUNTY.
 

 LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. IRVING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.
 

 [1]
 

 . This Court declines to identify victims of sexual abuse. The minors’ names have been substituted with initials.
 

 [2]
 

 . Senate Bill 2891 died in committee; thus, it was never enacted. 2010 Regular Session Mississippi Legislature, S.B. 2891.