## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01206-COA

**JOE HOWARD A/K/A JOE MARTIN HOWARD**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                         **APPELLEE**

DATE OF JUDGMENT:                07/13/2015
TRIAL JUDGE:                     HON. JOSEPH H. LOPER JR.
COURT FROM WHICH APPEALED:       WEBSTER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          JOE HOWARD (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY:  BARBARA WAKELAND BYRD
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:         MOTION FOR POST-CONVICTION RELIEF
                                 DENIED
DISPOSITION:                     AFFIRMED - 08/09/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., BARNES AND GREENLEE, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     Joe Howard, appearing pro se, appeals the Webster County Circuit Court's denial of

his motion for post-conviction relief requesting DNA testing.  Finding no error, we affirm.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.     In May 1998, Howard was indicted for sexual battery of a male child under the age

of fourteen years old.[1]  The next month, Howard pleaded guilty to the charges and was

sentenced to twenty years for each count, to be served concurrently.  Since pleading guilty,

---

[1] Howard was also indicted for two additional incidents of sexual battery of a second
child, a male over fourteen years old.

Howard has filed numerous motions for post-conviction relief (PCR), which have all been denied or dismissed.

¶3. On May 3, 2010, Howard filed a motion requesting DNA testing on certain evidence, which was dismissed. The trial court found the motion premature, as the law under which Howard sought relief would not be in effect until July 2010. Howard appealed. This Court found that the trial court dismissed Howard's motion for the wrong reason, but affirmed the dismissal on alternate grounds. *Howard v. State*, 62 So. 3d 995 (Miss. Ct. App. 2011). In that PCR motion, Howard claimed there was specific biological evidence secured during the investigation that had not been previously tested. However, he attached to his motion supporting documentation – the "State's Response to Request for Discovery" – which showed there was no existing evidence. The State declared there were no crime-lab reports or tests, and no physical evidence available. Further, Howard stated in his motion "[t]here was no sexual assault kit test [done] on me or the victims." *Id.* at 998 (¶17). This Court affirmed the motion's dismissal not because the motion was premature, but because there plainly appeared to be no existing biological evidence for testing, and Howard had not shown there was any biological evidence. *Id.* at (¶18).

¶4. On July 2, 2015, Howard again filed a PCR motion for DNA testing on certain items of evidence. This motion was nearly identical to his May 2010 motion. He claimed his motion was excepted from the three-year statute of limitations under Mississippi Code Annotated section 99-39-5(2)(a)(ii) (Rev. 2015) because his motion deals with DNA testing.[2]

---

[2] Section 99-39-5(2)(a)(ii) allows PCR motions to be excepted from the statute of limitations if the movant can prove:

In his motion, he argued: (1) he is innocent of the crimes to which he pleaded guilty; (2) there "exists specifically identified biological evidence secured" that has not been previously tested; and (3) DNA testing will show "by a reasonable probability that [he] would not have been convicted." On July 15, 2015, the trial court denied Howard's PCR motion under Mississippi Code Annotated section 99-39-23(6) (Rev. 2015), finding it barred as a successive motion and under the doctrine of res judicata, as the issue had already been presented and decided by the trial court and this Court.

## STANDARD OF REVIEW

¶5.     This Court will not disturb the trial court's denial of a PCR motion unless the trial court's factual findings are clearly erroneous. Matters of law are reviewed de novo. *Lambert v. State*, 941 So. 2d 804, 807 (¶14) (Miss. 2006) (citations omitted).

## ANALYSIS

¶6.     On appeal, Howard raises the same arguments he made in his PCR motion. We agree with the trial court that Howard's PCR motion is successive and barred under res judicata.

¶7.     Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), any order denying or dismissing a PCR motion bars a second or successive motion. Miss. Code Ann. § 99-39-23(6). Howard has filed approximately nine motions since his guilty plea in June

That, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.

3

1998 seeking post-conviction relief of various types.

¶8.    Additionally, while PCR motions requesting DNA testing are excepted from the bar against subsequent motions, it is only if the movant asserts a new or different grounds for relief related to DNA testing not previously presented or available.  Miss. Code Ann. § 99-39-23(6).  Here, Howard has filed at least one previous motion for DNA testing, in May 2010, raising the exact same issues.  Res judicata bars "all issues that might have been (or could have been) raised and decided in the initial suit, plus all issues that were actually decided in the first cause of action."  *Mohead v. State*, 158 So. 3d 358, 360 (¶8) (Miss. Ct. App.  2014) (quoting *Bosarge v. State*, 141 So. 3d 24, 26 (¶6) (Miss. Ct. App. 2014)).[3]

¶9.    As in the prior decision of this Court, we note there is no DNA to be tested.  The State's response to Howard's discovery request showed there were no crime-lab reports or tests related to this case, or any physical evidence.  At the plea hearing, the State testified it would prove its case by the testimony of the victim, a witness to the event, and confessions Howard made to parents of the victim.  Howard presents nothing to show any changes in the evidence from his last motion, which supplied no support for his claim that biological evidence exists or ever existed.  Howard's motion is thus barred by res judicata; it is also without merit.

¶10.    Accordingly, the trial court did not err in denying Howard's PCR motion.

¶11.    **THE JUDGMENT OF THE CIRCUIT COURT OF WEBSTER COUNTY**

---

[3] While res judicata does not apply to post-conviction claims of constitutional dimensions, a request for DNA testing is a statutory rather than constitutional matter. *Fluker v. State*, 170 So. 3d 471, 475 (¶9) (Miss. 2015) (citing *Smith v. State*, 149 So. 3d 1027, 1032 (¶11) (Miss. 2014)).

**DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WEBSTER COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**