ISHEE, J.,
 

 for the Court:
 

 ¶ 1. After three separate convictions of drug charges over a span of several years, Khristoffer Hearron was sentenced to thirty years in the custody of the Mississippi Department of Corrections (MDOC) under the habitual-offender statute by the Warren County Circuit Court in December 1995. Hearron appealed his conviction at least once, in 1998, and it was denied in 1999. He later filed this motion for post-conviction relief (PCR), which was subsequently dismissed by the circuit court as a successive writ. Aggrieved, he appeals. Finding no error, we affirm.
 

 STATEMENT OF THE FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In November 1990, Hearron pleaded guilty in the Warren County Circuit Court to possession of cocaine. Hearron was sentenced to three years in the custody of the MDOC and was ordered into the Regimented Inmate Discipline Program (RID), which allows offenders to earn an early release by- successful completion of certain program requirements. After completing RID in April 1991, Hearron was released and placed on probation for the remainder of his sentence.
 

 ¶3. Subsequently, Hearron’s probation was revoked because he had violated the
 
 *700
 
 probation terms. He was returned to the custody of the MDOC to complete the remainder of his prior three-year sentence. After completing his sentence and being released, Hearron was again convicted in the Warren County City Court of simple possession of cocaine in August 1995. He was subsequently sentenced to six years in the custody of the MDOC.
 

 ¶4. In October 1995, Hearron was indicted in Warren County Circuit Court for possession of cocaine with the intent to distribute. Shortly thereafter, an order was entered amending the indictment to include a count alleging Hearron to be a habitual offender. In December 1995, He-arron was convicted of possession of cocaine with the intent to distribute as a habitual offender, and the circuit court sentenced him to thirty years in the custody of the MDOC.
 

 ¶ 5. Hearron filed an unnumbered PCR motion in July 1998, arguing that he did not understand the consequences of entering a guilty plea. After some debate and confusion as to the PCR motion’s corresponding conviction, the circuit court correctly associated the PCR motion with He-arron’s November 1990 conviction. The circuit court held the PCR motion in abeyance until the guilty-plea transcript could be located or transcribed.
 

 ¶ 6. Meanwhile, on January 4, 1999, the record reflects that Hearron filed a supplemental PCR motion adding an allegation of ineffective assistance of counsel. The record further reflects that the circuit court entered an order on January 6, 1999, stating that the PCR motion and supplemental PCR motion were barred by the three-year statute of limitations found in Mississippi Code Annotated section 99-39-5 (Supp.2010). The circuit court further held that despite the time bar, it had fully examined Hearron’s PCR motion, Hear-ron’s supplemental PCR motion, the guilty-plea transcript and determined that Hearron’s claims lacked merit. Accordingly, the circuit court dismissed Hearron’s PCR motion and his supplemental PCR motion.
 

 ¶ 7. Thereafter, the record becomes vague regarding Hearron’s legal procedural history. The record contains a PCR motion filed in August 2004. The 2004 PCR motion challenged the circuit court’s 1999 determination that Hearron’s 1998 PCR motion and the 1999 supplemental PCR motion were time-barred, the validity of his 1996 conviction as a habitual offender, and his counsel’s effectiveness in the 1996 trial. However, while the PCR motion was filed with the Warren County Circuit Clerk in August 2004, it appears that Hearron actually signed the PCR motion and allegedly mailed the PCR motion sometime in July 2003. The record lacks a ruling on the 2004 PCR motion.
 

 ¶ 8. Finally, the general docket sheet of the record indicates that Hearron filed another PCR motion in January 2007, under a separate civil cause number, and that the motion was denied as a successive writ in February 2007. The February 2007 denial is that which is on appeal. While the February 2007 order is present in the record, the alleged January 2007 PCR motion is not. Additionally, in denying the alleged January 2007 PCR motion as a successive writ, the February 2007 order references the circuit court’s denial of He-arron’s PCR motion in 1999 and also references another alleged denial of a PCR motion in 2003 — despite the fact that the neither the general docket sheet nor the record itself provides any reference to a PCR motion filed in 2003 and/or ruled on in 2003.
 

 ¶ 9. Accordingly, the following is substantiated by the record: (1) Hearron filed a PCR motion in 1998, which was denied in 1999 as being time-barred; (2) Hearron signed and mailed a PCR motion in July 2003, which was not filed by the circuit
 
 *701
 
 clerk until August 2004; and (3) in February 2007, the circuit court denied a PCR motion allegedly filed by Hearron in January 2007, which referenced prior denials in 1999 and 2003. After several attempts by this Court to garner proper documentation from the circuit court, the circuit clerk clarified that the August 2004 PCR motion was “given a[new] post[-]conviction civil number in January 2007”; hence, the February 2007 order corresponds with the August 2004 PCR motion.
 

 ¶ 10. This Court remains without knowledge as to why the circuit clerk reassigned Hearron’s 2004 PCR motion with a new civil cause number, why there was no mention of the reassignment in the record, or the reasons for the circuit court’s nearly three-year delay in adjudicating Hearron’s 2004 PCR motion. Furthermore, the existence and contents of the circuit court’s purported 2003 order and the alleged corresponding PCR motion referenced in the circuit court’s February 2007 order remain unknown.
 

 ¶ 11. Despite lingering questions regarding Hearron’s procedural history, it is clear that at least one PCR motion was previously filed in 1998 and denied in 1999. As such, the circuit court’s most recent dismissal of Hearron’s PCR motion as a successive writ is proper. Therefore, we affirm the circuit court’s ruling.
 

 STANDARD OF REVIEW
 

 ¶ 12. This Court reviews a trial court’s dismissal of a PCR motion under an abuse of discretion standard.
 
 Strickland v. State,
 
 43 So.3d 1179, 1181 (¶ 10) (Miss.Ct.App.2010) (quoting
 
 Burrough v. State,
 
 9 So.3d 368, 371 (¶ 6)). Nonetheless, we review questions of law de novo.
 
 Id.
 

 DISCUSSION
 

 ¶ 13. Mississippi Code Annotated section 99-39-23(6) (Supp.2010) provides that second or successive PCR motions are proeedurally barred. In order to proceed with a successive PCR motion, a prisoner must show one of the following: (1) the existence of newly discovered evidence which would alter the outcome of the prisoner’s sentence; or, (2) an intervening decision from the United States Supreme Court or State of Mississippi that would have adversely affected the outcome of the prisoner’s case; or, (3) the prisoner must show that biological evidence exists which was either not previously tested or could be subjected to more advanced biological testing and which would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence; or, (4) the prisoner claims that his sentences have expired or his conditional release was unlawfully revoked; or, (5) the prisoner claims that the trial court’s error infringed on his fundamental constitutional rights. Miss.Code Ann. § 99-39-23(6) (Supp.2009);
 
 Rowland v. State,
 
 42 So.3d 503, 506 (Miss.2010). Essentially, “an appellant is granted one bite at the apple when requesting post-conviction relief.”
 
 Dobbs v. State,
 
 18 So.3d 295, 298 (¶ 9) (Miss.Ct.App.2009) (internal citations omitted).
 

 ¶ 14. Though the record is ambiguous as to Hearron’s procedural history, there is no question that Hearron’s current PCR motion on appeal is not his first PCR motion to have been filed and adjudicated. Indeed, the record unquestionably shows that Hearron filed a PCR motion in 1998 which was denied by the circuit court in 1999. Hence, the PCR motion on appeal is a successive writ, regardless of our questions regarding other alleged PCR motions that were previously filed.
 

 ¶ 15. Additionally, Hearron has not asserted that newly discovered evidence
 
 *702
 
 would alter his sentence, nor has he provided this Court with a dispositive intervening decision by the Mississippi Supreme Court or the United States Supreme Court. Finally, Hearron has not argued that biological evidence even exists in this case. As such, he has not provided this Court with proof that he is entitled, under an exception, to consideration of a successive PCR motion. Accordingly, we find no error in the circuit court’s dismissal of Hearron’s latest PCR motion as a successive writ.
 

 ¶ 16. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.