DICKINSON, Presiding Justice,
for the Court.
¶ 1. Today we address the constitutionality of direct appeals from the Workers’ Compensation Commission (“Commission”) to this Court. We hold that they are constitutional, and that this Court has appellate jurisdiction over direct appeals from the Commission.
BACKGROUND
¶ 2. A 2011 amendment to Section 71-3-51 provides that, “from and after July 1, 2011,” decisions of the Mississippi Workers’ Compensation Commission may be appealed directly to this Court, rather than to the circuit court, as required under the previous version of the statute.[1] On July 1, 2011, the Commission denied Joseph Dewayne Johnson’s claim for benefits, so he appealed here. We ordered the parties to brief two issues: whether Section 71-3-51, as amended, is constitutional; and whether this Court has appellate jurisdiction over direct appeals from the Commission.[2]
ANALYSIS
¶ 3. When addressing a statute’s constitutionality, we apply a de novo standard of review,[3] bearing in mind (1) the strong presumption of constitutionality; (2) the challenging party’s burden to prove the statute is unconstitutional beyond a reasonable doubt;[4] and (3) all doubts are *244 resolved in favor of a statute’s validity.[5] When interpreting a constitutional provision, we must enforce its plain language.[6]
¶ 4. After receipt of this appeal, this Court — on its own motion — ordered the parties to brief the questions of whether Article 6, Section 146 of the Mississippi Constitution prohibits direct appeals from the Commission to this Court, and whether this Court has jurisdiction over such direct appeals.
Section 71-3-51 is amended to allow direct appeals from the Commission to the Mississippi Supreme Court.
¶ 5. Before July 2011, a party wishing to appeal a Commission order was required to file the appeal in circuit court; and the party aggrieved by the circuit court’s decision could then appeal here. But in its 2011 session, the Mississippi Legislature enacted the following amendment to Section 71-3-51:
The final award of the commission shall be conclusive and binding unless either party to the controversy shall, within thirty (30) days from the date of its filing in the office of the commission and notification to the parties, appeal therefrom to the Supreme Court.[7]
The matter at issue is whether this Court has jurisdiction to hear direct appeals from the Commission.
Article 6, Section 146 of the Mississippi Constitution sets forth this Court’s jurisdiction and authority to hear cases.
¶ 6. Prior to 1984, our Constitution set forth this Court’s jurisdiction in a single sentence: “The Supreme Court shall have such jurisdiction as properly belongs to a court of appeals.”[8] While there were likely many opinions of what jurisdiction “properly” belonged to a court of appeals, our precedent records no serious challenges to this Court’s jurisdiction under the pre-1984 provision.[9]
¶ 7. In 1984, the people of Mississippi amended Section 146 of their Constitution by retaining the prior language — “The Supreme Court shall have such jurisdiction as properly belongs to a court of appeals” — and adding the following language:
and shall exercise no jurisdiction on matters other than those specifically provided by this Constitution or by general law. The legislature may by general law provide for the Supreme Court to have original and appellate jurisdiction as to any appeal directly from an administrative agency charged by law with the responsibility for approval or disapproval of rates sought to be charged the public by any public utility. The Supreme Court shall consider cases and proceedings for modification of public utility rates in an expeditious manner regardless of their position on the court docket.[10]
*245 ¶ 8. We find it compelling that the amended section retains the original language that grants this Court “jurisdiction as properly belongs to a court of appeal,” and this Court long ago held that phrase meant appeals of decisions rendered by a tribunal clothed with judicial power.[11] And for reasons discussed below, we find the Commission is a quasijudicial body that renders judicial decisions. We also note that Section 71-3-51 is a general law, and Section 146’s language “or by general law” is difficult to misinterpret.
¶ 9. According to Black’s Law Dictionary, an appellate court “has jurisdiction to review decisions of lower courts or administrative agencies.”[12] The Mississippi Workers’ Compensation Commission — unlike other commissions and agencies in state government — makes the final factual determination in a particular ease; there is no trial de novo. As this Court has said, “appellate jurisdiction necessarily implies that the subject matter must have been acted upon by [a] tribunal whose judgment or proceedings are to be reviewed.” [13] And the Commission’s judgments may be — and often are — reviewed.
¶ 10. The cases brought before the Commission were cases heard in courts under the common law. The Legislature moved the venue of these suits filed by employees against their employers to the Commission. When the Commission decides a case in favor of the worker, the employer is ordered to make periodic payments to the employee.[14] And when an employer whose right to an appeal has been exhausted fails to comply with the Commission’s award, Section 71-3-49 says that
the commission may declare the entire award, due and judgment may be entered in accordance with the provisions of this section. Such judgment shall be entered in the same manner, have the same effect, and be subject to the same proceedings as though rendered in a suit duly heard and determined by the circuit court, except that no appeal may be taken therefrom.[15]
¶ 11. The Commission’s judgments are filed in the circuit clerk’s judgment roll; they do not pass through the circuit court or any other court. They are pursued and executed upon exactly the same as judgments rendered by the circuit court. Also compelling is that the Commission alone determines the facts of a workers’ compensation case.
¶ 12. Some argue that, for this Court to have jurisdiction, the case must first filter through the circuit court. But we fail to see how cases can be nonjudicial while pending before the Commission — the very tribunal where the facts are finally adjudicated, and whose decisions this Court actually reviews — and then suddenly become judicial cases upon appeal to circuit court, whose decisions are not even reviewed by this Court.
¶ 13. Before the amendment to Section 71-3-51, the Commission’s final decisions were appealed directly to circuit court,[16] *246 which sat as an appellate court. And after the brief pause in circuit court, the cases were appealed here. Upon receipt, we reviewed the Commission’s decision, not the circuit court’s. In fact, we seldom even mentioned the circuit court’s proceedings. For example, in Gregg v. Natchez Trace Electric Power Association, after the Commission rendered its decision, the case filtered through circuit court and the Court of Appeals before coming here.[17] In reviewing the case, we stated:
This Court granted Gregg’s petition for certiorari to consider whether the Commission erred .... We reverse and remand to the Commission. ... This Court’s review of a decision of the Workers’ Compensation Commission is limited to determining whether the decision was supported by substantial evidence. ... The Commission erred by.... We reverse and remand this case to the Commission .... [18]
¶ 14. In the entire opinion, the circuit court was mentioned only once, and then only to set forth the chronology of appeals. The circuit judge had no power to call witnesses, receive evidence, or adjudicate facts. The reality is that, under the previous statute, the circuit judge’s decision played no part in this Court’s review or disposition of a workers’ compensation case. For these reasons, we reject the notion that a circuit judge’s ruling is required to place a “judicial proceeding” tag on a workers’ compensation case.
¶ 15. To be clear, we do not hold today that this Court has direct appellate jurisdiction over all agency decisions. Today, we address only appeals of workers’ compensation cases from the Commission.
¶ 16. In a legitimate exercise of its constitutional authority,[19] the Legislature created an inferior court when it gave the Commission the power and authority to make decisions that are “conclusive and binding.”[20] Our opinion today is not inconsistent with Herring or Dodd. In Herring, we held that the statute at issue was unconstitutional, because it allowed an appeal where no final decision had been made.[21] Here, the Commission’s decision on the merits is a final, appealable decision. And in Dodd, we reasoned that the Legislature had not conveyed the Railroad Commission “the power to apply the law to a state of facts and to make a final declaration of the consequences which follow....”[22] In contrast, Section 71-3-51 states that “[t]he final award of the commission shall be conclusive and binding unless either party to the controversy shall, within thirty (30) days .... appeal therefrom to the Supreme Court.”[23]
¶ 17. As expressed in Dodd, “ ‘[t]he tribunal from which an appeal lies need not be called a court; but it must be one having the attributes of a court — a tribunal where justice is judicially administered.’” [24] Further, a judicial function occurs where a tribunal is the ultimate *247 finder of fact, and where it is empowered to render a binding decision after applying the law to the facts. And the judicial power of a court includes “the power to hear and finally determine controversies between adverse parties.”[25] Likewise, the Commission is the ultimate finder-of-fact, one whose judgment is binding after applying the law to the facts in cases involving adverse parties — a tribunal where justice is judicially administered.
CONCLUSION
¶ 18. Today’s narrow holding is that, pursuant to Article 6, Section 146 of the Mississippi Constitution, the Legislature is constitutionally empowered to confer appellate jurisdiction on this Court over direct appeals from the Commission and as with all workers’ compensation cases appealed to this Court, we assign this case to the Court of Appeals for decision, and the Clerk of Court is directed to issue a merits briefing schedule.
¶ 19. DIRECT APPEAL ASSIGNED TO THE COURT OF APPEALS.
RANDOLPH, LAMAR, PIERCE AND KING, JJ., CONCUR. RANDOLPH, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P.J., LAMAR AND PIERCE. JJ. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., CARLSON, P.J., AND CHANDLER, J.

. Miss.Code Ann. § 71-3-51 (Rev. 2011).

. The order also granted the Attorney General of Mississippi leave to submit an amicus brief, under Mississippi Rule of Appellate Procedure 44, on the constitutionality of the statute.

. Thoms v. Thoms, 928 So.2d 852, 855 (Miss.2006) (citing Austin v. Wells, 919 So.2d 961, 964 (Miss.2006)).

. City of Starkville v. 4-County Elec. Power Ass'n, 909 So.2d 1094, 1112 (Miss.2005) (citing Richmond v. City of Corinth, 816 So.2d 373, 375 (Miss.2002)).

. Smith v. Braden, 765 So.2d 546, 557-58 (Miss.2000) (citing Loden v. Miss. Pub. Serv. Comm'n, 279 So.2d 636, 640 (Miss.1973)).

. Dye v. State ex. rel. Hale, 507 So.2d 332, 349 (Miss.1987) (emphasis omitted) (citing State ex. rel. Greaves v. Henry, 87 Miss. 125, 40 So. 152, 154(1906)).

. Miss.Code Ann. § 71-3-51 (Rev. 2011).

. Miss. Const, art. 6, § 146 (1983),

. See Glenn v. Herring, 415 So.2d 695 (Miss.1982) (statute allowing parties to appeal if judge failed to enter final decree within six months violated Section 146 because it conferred appellate jurisdiction on Supreme Court when no final decree had been entered). See also Illinois Cent. R.R. Co. v. Dodd, 105 Miss. 23, 61 So. 743 (1913); Yazoo Cent. R.R. Co. v. Wallace, 90 Miss. 609, 43 So. 469 (1907).

. Miss. Const, art. 6, § 146 (1984).

. Dodd, 105 Miss. 23, 61 So. 743 (1913); Wallace, 90 Miss. 609, 43 So. 469 (1907).

. Black’s Law Dictionary 405 (9th ed. 2009).

. Glenn v. Herring, 415 So.2d 695, 697 (Miss.1982).

. Miss.Code Ann. § 71-3-47 (Rev. 2011).

. Miss.Code Ann. § 71-3-49 (Rev. 2011).

.H.R. 1078, 2011 Leg., Reg. Sess. (Miss.2011). Article 6, Section 156 authorizes the Legislature to grant appellate jurisdiction to the circuit court. Miss. Const, art. 6, § 156 (1890).

. Gregg v. Natchez Trace Elec. Power Ass'n, 64 So.3d 473, 474 (Miss.2011).

. Id. at 474-78 (emphasis added).

. Miss. Const. art. 6, § 172 (1890) ("The legislature shall, from time to time, establish such other inferior courts as may be necessary, and abolish the same whenever deemed expedient.”).

. Miss.Code Ann. § 73-3-51 (Rev. 2011).

. Herring, 415 So.2d at 697.

. Dodd, 105 Miss. 23, 61 So. 743 (1913).

. Miss.Code Ann. § 71-3-51 (Rev. 2011) (emphasis added).

. Dodd, 61 So. at 743 (quoting State Auditor v. Atchison, T. & S.F.R. Co., 6 Kan. 500 (1870)).

. Id.