FAIR, J.,
for the Court:
¶ 1. Under Mississippi law, those convicted of armed robbery are not eligible to earn time toward an early, conditional release from prison. James Bosarge filed a post-conviction relief (PCR) motion contending that this violates his constitutional right to equal protection of the laws. The circuit court found that argument without merit and dismissed the motion. Because *26 there is a rational basis for denying earned time to those convicted of armed robbery, we affirm.
STANDARD OF REVIEW
¶ 2. The circuit court may summarily dismiss a PCR motion without an eviden-tiary hearing “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2013). To succeed on appeal, the movant must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is proee-durally alive. Young v. State, 731 So.2d 1120, 1122 (¶ 9) (Miss.1999).
¶ 3. When reviewing the denial of a PCR motion, an appellate court “will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Collins v. State, 975 So.2d 219, 222 (¶ 8) (Miss.2008). Our review of the summary dismissal of a PCR motion, a question of law, is de novo. Young, 731 So.2d at 1122 (¶ 9).
DISCUSSION
¶ 4. After failing to convince a woman to give him crack cocaine on credit, Bosarge hit her with a hammer, stole her car, and drove over her with it as he fled. Bosarge ultimately pled guilty to armed robbery and two counts of aggravated assault, and he was sentenced to twenty years on each count, with eighteen to serve and two years’ post-release supervision, and all three sentences to run concurrently.
¶ 5. Bosarge has previously filed another PCR motion, in 2009, that time contending his plea was involuntary and his counsel constitutionally ineffective. The circuit court denied the first motion after conducting an evidentiary hearing. Because the instant PCR motion was Bosarge’s second, the circuit court found it barred as a successive writ, as well as being without merit.
¶ 6. A second PCR motion is ordinarily barred as a successive writ. See Miss.Code Ann. § 99-39-23(6) (Supp.2013). And since Bosarge’s allegation of an illegal sentence could have been made in his first PCR motion, the claim is barred by ordinary principles of res judicata, which bar “all issues that might have been (or could have been) raised and decided in the initial suit, plus all issues that were actually decided in the first cause of action.” Little v. V & G Welding Supply Inc., 704 So.2d 1336, 1337-38 (¶ 8) (Miss.1997). Moreover, Bosarge also failed to file this motion within three years of the entry of his conviction, as required by Mississippi Code Annotated section 99-39-5(2) (Supp.2013).[1]
¶ 7. That being said, there is an exception to the procedural bars for errors affecting the movant’s fundamental constitutional rights. See Rowland v. State, 42 So.3d 503, 506-08 (¶¶ 7-12) (Miss.2010). The right to be free from an illegal sentence is probably the most frequently recognized of these exceptions. See Jones v. State, 119 So.3d 323, 326 (¶ 6) (Miss.2013).
¶ 8. Bosarge argues that Mississippi arbitrarily denies earned time eligibility to those convicted of armed robbery, and that this has denied him the equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution. He presents this claim as the basis of an illegal sentence argument, but it is not clear that it actually fits within the illegal sentence exception *27 to the procedural bars.[2] And the mere assertion of a constitutional violation does not overcome the procedural bar. Means v. State, 43 So.3d 438, 442 (¶ 12) (Miss.2010). But because the State offers no substantive response on this point, we will proceed to the merits of the claim.
¶ 9. Mississippi Code Annotated section 47-5-138 (Supp.2013) provides that an inmate may earn a conditional early release for good conduct and performance.[3] But not all inmates are eligible; section 47-5-139(l)(e) (Rev.2011) precludes eligibility if “[t]he inmate has not served the mandatory time required for parole eligibility for a conviction of robbery or attempted robbery with a deadly weapon.” Inmates in trusty status may also be awarded a day-for-day trusty time allowance when they also participate in certain programs, but eligibility for those serving sentences for armed robbery is likewise limited to the parole-eligible. See Miss.Code Ann. § 47-5-138.1 (Rev.2011).
¶ 10. Bosarge’s complaint stems from the fact that those convicted of armed robbery after October 1, 1994, are never eligible for parole. Miss.Code Ann. § 47-7 — 3(1)(d)(ii) (Rev.2011).[4] Because he was convicted of armed robbery in 2009, Bo-sarge will not be eligible for earned or trusty time. See Wells v. State, 936 So.2d 479, 480 (¶ 5) (Miss.Ct.App.2006). He contends this ineligibility for earned time for those convicted of armed robbery denies them equal protection of the laws.
¶ 11. “When addressing a statute’s constitutionality, [appellate courts] apply a de novo standard of review, bearing in mind (1) the strong presumption of constitutionality; (2) the challenging party’s burden to prove the statute is unconstitutional beyond a reasonable doubt; and (3) all doubts are resolved in favor of a statute’s validity.” Johnson v. Sysco Food Servs., 86 So.3d 242, 243-44 (¶ 3) (Miss.2012) (citations omitted).
¶ 12. The first step in our analysis is determining the level of scrutiny to be applied. Both Bosarge and the State appear to agree that the proper question is whether there is some rational basis for the statutory scheme, with Bosarge arguing that the law is unconstitutional because “it treats him different than it treats other offenders for no justifiable, legitimate ... reason.” The parties appear to be correct that rational basis is the correct standard. See McGinnis v. Royster, 410 U.S. 263, 270, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973).
¶ 13. Under the rational basis test, a “statute will be upheld unless it can be shown that the statute is not rationally related to a legitimate government interest.” Townsend v. Estate of Gilbert, 616 So.2d 333, 337 (Miss.1993). “The rational relationship between the government’s acts and policies and the fact that they serve a legitimate governmental interest is ‘not difficult to establish’ since the rational relationship need only be ‘at least debatable.’” Justus v. State, 750 So.2d 1277, 1279 (¶ 5) (Miss.Ct.App.1999) (quoting Metro. Life Ins. Co. v. Ward, 470 U.S. 869, 881, 105 S.Ct. 1676, 84 L.Ed.2d 751 (1985)).
*28 ¶ 14. Bosarge contends that denying earned and trusty time to some offenders is both unfair and unwise, if the purpose of incarceration is rehabilitation. But even if we were to concede the point, there are other legitimate purposes of incarceration, such as punishment and protection of the public from dangerous individuals. See Garrison v. State, 950 So.2d 990, 998-99 (¶ 34) (Miss.2006) (citing United States v. Mancuso, 420 F.2d 556, 558-59 (2d Cir.1970)). The rational basis test requires only that the government interest be legitimate and that the statute be rationally related to achieving it; courts undertaking rational basis review are not called upon to weigh competing interests such as rehabilitation and punishment-that is the province of the Legislature. The desire to more severely punish more severe crimes is a rational basis for the challenged statutes.
¶ 15. Bosarge also faults the Legislature for using parole eligibility as the test for those convicted of armed robbery. He contends that eligibility for parole and earned/trusty time should be separate since they are “different programs with different laws.” But we can see no reason why different programs must have different eligibility requirements, particularly since parole and earned/trusty time all result in the early release of a prisoner.
¶ 16. Finally, Bosarge expresses concern that the statutory scheme is unnecessarily complicated, and he suggests that the Legislature did not intend to deny earned and trusty time eligibility to armed robbery convicts when it amended the statute to remove their parole eligibility. However, statutes are presumed valid and all doubts are resolved in favor of their validity. Johnson, 86 So.3d at 243-44 (¶ 3). The plain language of the statutes is controlling.
¶ 17. In summary, we conclude that there is a rational basis for denying an armed robbery offender eligibility for earned and trusty time, and thus Bo-sarge’s equal protection challenge must fail. The circuit court did not err in dismissing his PCR motion.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND JAMES, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY.

. Bosarge was convicted in April 2009 and filed this motion in April 2013.

. Ordinarily an illegal sentence in this context is one that "does not conform to the applicable penalty statute.” Foreman v. State, 51 So.3d 957, 962 n. 22 (Miss.2011) (internal quotations omitted).

. Subsection (5) limits the earned time allowance to fifteen percent of the sentence term for those convicted after June 30, 1995.

.Before section 47 — 7—3( l)(d)(ii) was enacted, armed robbery convicts could be eligible for parole after serving ten years of their sentence. Wells v. State, 936 So.2d 479, 480 (¶ 5) (Miss.Ct.App.2006).