# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01070-COA

**CARNELL MOHEAD**                                                    **APPELLANT**

v.

**STATE OF MISSISSIPPI**                                               **APPELLEE**

DATE OF JUDGMENT:                06/07/2013
TRIAL JUDGE:                     HON. JOSEPH H. LOPER JR.
COURT FROM WHICH APPEALED:       GRENADA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          CARNELL MOHEAD (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: STEPHANIE BRELAND WOOD
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:         MOTION FOR POST-CONVICTION RELIEF
                                 SUMMARILY DISMISSED
DISPOSITION:                     AFFIRMED - 10/14/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE IRVING, P.J., BARNES, ROBERTS AND CARLTON, JJ.

### ROBERTS, J., FOR THE COURT:

¶1.     Appearing before the Grenada County Circuit Court, Carnell Mohead pled guilty to three counts of felony simple domestic violence. As part of his sentence, Mohead was placed on one year of supervised probation; however, his probation was revoked following a domestic-violence conviction in the Grenada County Municipal Court. Mohead appealed the municipal-court conviction, and the circuit court entered an order for remand to the file in July 2011. Mohead filed a motion for post-conviction relief (PCR) alleging that his probation was unlawfully revoked. The circuit court summarily dismissed Mohead's PCR

motion as a successive writ, and Mohead appealed. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. On June 30, 2010, Mohead was indicted on three counts of felony simple domestic violence for hitting and choking his then-girlfriend on three separate occasions.[1] Mohead entered his guilty plea to all three counts on July 16, 2010. On each count, the circuit court sentenced Mohead to ten years "with ten years suspended for a period of five years" and one year of supervised probation. The sentences were ordered to run concurrently to one another. As a term of his suspended sentence and supervised probation, Mohead was not to commit an "offense against the laws of this or any state of the United States or of the United States[.]" Mohead's probation was extended by circuit court order after he was arrested for public intoxication.

¶3. The circuit court then held a probation-revocation hearing and entered an order on February 11, 2011, revoking Mohead's probation and ordering him to serve ten years in the custody of the Mississippi Department of Corrections (MDOC), because he violated the terms of his probation. Specifically, he violated the term quoted above because, while he was on probation, he was convicted in the municipal court of domestic violence. Mohead appealed the municipal-court conviction to the circuit court, and by order of the circuit court and agreement of the parties, the charge was remanded to the file five months after his probation had been revoked.

¶4. Mohead then filed a PCR motion in the circuit court claiming that, since his

---

[1] Mohead had two prior convictions of domestic violence.

2

municipal-court conviction was the basis for his probation revocation, and the municipal-court conviction was remanded to the file, his probation was unlawfully revoked. The circuit court summarily dismissed his PCR motion, and Mohead did not appeal the summary dismissal. Mohead then filed a second PCR motion, which is the subject of the present appeal, and again argued that his probation was unlawfully revoked. The circuit court summarily dismissed Mohead's second PCR motion as procedurally barred due to it being a successive writ.

¶5. Mohead appeals the circuit court's dismissal of his PCR motion and asserts that he "is being unlawfully held in custody after his probation was illegally revoked, once the charge used to revoke [his probation] was dismissed, [because] there was no evidence or conviction on which to base revocation under *Brown v. State*, 864 So. 2d 1058 (Miss. Ct. App. 2004)."

**ANALYSIS**

¶6. This Court employs the clearly-erroneous standard of review when reviewing a circuit court's summary dismissal of a PCR motion. *Johnson v. State*, 31 So. 3d 647, 649 (¶5) (Miss. Ct. App. 2010) (citing *Mann v. State*, 2 So. 3d 743, 745 (¶5) (Miss. Ct. App. 2009)). When questions of law are raised, a de novo standard of review is applied. *Id.*

¶7. Mississippi Code Annotated section 99-39-5(1)(h) (Supp. 2014) provides that a person may file a PCR motion if he claims "[t]hat his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody[.]" However, Mississippi Code Annotated section 99-39-23(6) (Supp. 2014) provides that "any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or

3

successive motion under this article." But a claim that the movant's probation has been unlawfully revoked is an exception to the procedural bars. *See* Miss. Code Ann. § 99-39-23(6).

¶8. While we do not have a copy of Mohead's first PCR motion, the circuit court explained, when summarily dismissing the present PCR motion, that this was Mohead's second PCR motion, as he was previously denied relief in a December 19, 2013 order. Additionally, the circuit court stated: "A review of Mohead's current motion shows that he is seeking relief from this [circuit] court on the same grounds that were raised in the motion that was filed and subsequently denied . . . . In both motions, Mohead claims that his probation was unlawfully revoked." So while it is correct that Mohead's claim that his probation was unlawfully revoked falls within an exception to the PCR statute's procedural bar, the ordinary principles of res judicata are still applicable. Res judicata bars "all issues that might have been (or could have been) raised and decided in the initial suit, plus all issues that were actually decided in the first cause of action." *Bosarge v. State*, 141 So. 3d 24, 26 (¶6) (Miss. Ct. App. 2014) (quoting *Little v. V&G Welding Supply Inc.*, 704 So. 2d 1336, 1337-38 (¶8) (Miss. 1997)). Mohead's claim that his probation was unlawfully revoked was raised in his first PCR motion and summarily dismissed, and he did not appeal that dismissal. Res judicata now bars Mohead from asserting the same claim in his present PCR motion that has already been decided on his previous PCR motion.

¶9. The circuit court did not summarily dismiss Mohead's PCR motion on the ground of res judicata; however, it is well settled that, in the name of judicial economy, an appellate court can affirm the circuit court's judgment if the right result is reached even though for the

4

wrong reason. *Towner v. State*, 837 So. 2d 221, 225 (¶9) (Miss. Ct. App. 2003) (citing *Puckett v. Stuckey*, 633 So. 2d 978, 980 (Miss. 1993)). We find that the circuit court's summary dismissal of Mohead's PCR motion was the right result, albeit we find it appropriate on the basis that the PCR motion was barred by res judicata and not as a successive writ.

¶10. Therefore, we find no error.

¶11. **THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. IRVING, P.J., AND JAMES, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**