# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01323-COA

JESSIE EARL WHITE A/K/A JESSIE E. WHITE        APPELLANT
A/K/A JESSIE WHITE

v.

STATE OF MISSISSIPPI        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/23/2013 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JESSIE EARL WHITE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 01/27/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### EN BANC.

### FAIR, J., FOR THE COURT:

¶1.     In 1978, Jessie Earl White pled guilty to the rape of a child under the age of twelve. The circuit court sentenced him to life imprisonment. Shortly thereafter, White filed for habeas corpus, alleging that he could only be sentenced to life imprisonment by a jury, not a judge. This pleading was dismissed by the circuit court. More than thirty years later, White has filed a motion for post-conviction relief renewing his claim of an illegal sentence, for the same reason.

¶2.     We conclude that the statute in effect at the time of White's offense, plea, and

sentence[1] permitted only two sentences for rape of a child under twelve: death or life imprisonment. Accordingly we find the trial court properly dismissed White's motion, and we affirm on that basis.

## STANDARD OF REVIEW

¶3. The circuit court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Supp. 2014). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

¶4. When reviewing the denial of a PCR motion, an appellate court "will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Callins v. State*, 975 So. 2d 219, 222 (¶8) (Miss. 2008). Our review of the summary dismissal of a PCR motion, a question of law, is de novo. *Young*, 731 So. 2d at 1122 (¶9).

## DISCUSSION

### 1. Procedural Bars / Res Judicata

¶5. The trial judge based his ruling solely on the fact that the sentenced asserted to be illegal is, in fact, not so. However, both White and the State discuss res judicata, the statutory time-bar, and the successive-writ bar.

---

[1] Miss. Code Ann. § 97-3-65(1) (Supp. 1977).

¶6.    The State would have us hold that White's claim of an illegal sentence is barred by res judicata, as White has made the same claim in a prior writ. Under ordinary principles of res judicata, that would be would be correct. *See, e.g., Bosarge v. State*, 141 So. 3d 24, 26 (¶6) (Miss. Ct. App. 2014). However, White has alleged that he is being held under an illegal sentence, which would be the violation of a fundamental constitutional right. In *Smith v. State*, 149 So. 3d 1027, 1032 (¶13) (Miss. 2014), a five-justice majority of the supreme court held, unequivocally, that PCR "claims of constitutional dimensions are . . . excepted from common-law res judicata." The four dissenters would have held otherwise, but the opinion of the court received a clear majority of the votes, and the decision is therefore binding precedent. This Court is bound to follow it.

¶7.    As to the time-bar and the successive-writ bar, this Court has previously held that "the mere assertion of a constitutional right violation is not sufficient" to overcome the procedural bars. *See, e.g., Stovall v. State*, 873 So. 2d 1056, 1058 (¶7) (Miss. Ct. App. 2004). This holding makes sense in the instance where a petitioner really does "merely assert" that a fundamental constitutional right has been violated, or where the petitioner attempts to avoid procedural bars by reframing some other issue as the violation of a constitutional right recognized as fundamental. *See Bosarge*, 141 So. 3d at 26-27 (¶¶7-8) (petitioner couching denial of MDOC earned time as an "illegal sentence"). However, too often this Court would essentially hold that whether the claim of the violation of a fundamental constitutional right was procedurally barred depended on whether the claim was meritorious. In other words, this Court would look to the merits of the claim to determine whether we would formally

3

proceed to the claim's merits – a pointless, inconsistently applied exercise that the supreme

court seems to have put an end to with its *Smith* decision, where it held that a petitioner need

only make a coherent allegation of the violation of a fundamental constitutional right to

secure review on the merits. *See Smith*, 149 So. 3d at 1031 (¶8).

¶8.      White alleges that his sentence was illegal because it was not authorized by the

statute. This is a quintessential illegal-sentence claim. *See Foreman v. State*, 51 So. 3d 957,

962 n.22 (Miss. 2011) ("The imposition of an illegal sentence results when the punishment

does not conform to the applicable penalty statute." (citation and internal quotation marks

omitted)). The right to be free from such an illegal sentence is the fundamental constitutional

right most frequently recognized in PCR litigation. *Bosarge*, 141 So. 3d at 26 (¶7).

Consequently we find that the issue is not procedurally barred.

## 2. Legality of Sentence

¶9.      White's claim he received an illegal sentence seems to be based on his confusion as

to the controlling law at the time of the offense. On April 13, 1977, four months before his

offense and a year and a half prior to imposition of sentence, an amendment of section 97-3-

65(1) by the Legislature became effective. After that date, and through the dates of White's

conviction and sentence, the statute read in relevant part:

> Every person eighteen (18) years of age or older who shall be convicted of
> rape by carnally and unlawfully knowing a female child under the age of
> twelve (12) years, upon conviction, shall be sentenced to death or
> imprisonment for life in the state penitentiary . . . .

Before the 1977 amendment, the statute had prescribed death as the penalty for rape of a

4

child under twelve, which was in conflict with the United States Supreme Court's decision in *Gregg v. Georgia*, 428 U.S. 153 (1976).

¶10.    White at times appears to base his complaint around either an older or a more recent version of the statute – he refers to a "child under fourteen" in his current post-conviction motion.[2]   When he does cite the correct statute, White directs his arguments to the wrong subsection.   Subsection (2) of the 1977 version of the statute concerned the rape of "any female of the age of twelve (12) years *or upward*."   This was punishable by "life in the state penitentiary if the jury by its verdict so prescribes" and if it fails to do so, "the court shall fix the penalty at imprisonment in the state penitentiary for any term as the court, in its discretion, may determine."

¶11.    But the transcript of the 1978 plea colloquy, order accepting the plea, and order of sentencing all recite that the victim was a female "child under the age of twelve."   Other documents in the case file reflect she was ten years old.   The plea colloquy transcript reflects:

Q.    How do you plead to the charge of rape of a female child under the age
        of twelve, guilty or not guilty?

A.    Guilty.

. . . .

Q.    Did you commit this crime?

A.    Yes, sir.

. . . .

------

[2] *See* Miss. Code Ann. § 97-3-65(1)(b) (Rev. 2014).

5

Q. Do you understand that the maximum sentence that can be imposed on your plea of guilty is life imprisonment with the Department of Corrections?

A. Yes, sir.

¶12. The trial judge correctly sentenced White to the only sentence allowed by law for the offense. White's claim of its illegality is without merit.

¶13. **THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY**.

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION.**

**JAMES, J., CONCURRING IN PART AND DISSENTING IN PART:**

¶14. On appeal, White raises the issue of whether the trial court, sitting without a jury, was authorized to impose a life sentence. I agree with the majority opinion that the court was authorized to impose a life sentence, but I respectfully disagree with the majority opinion that the mere assertion of a constitutional-right violation is sufficient to overcome the procedural bars. "This court will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right." *Hughes v. State,* 106 So. 3d 836, 839 (¶4) (Miss. Ct. App. 2012). For this reason, I respectfully dissent.

¶15. In this case, White was indicted for the rape of a female child under the age of twelve under Mississippi Code Annotated section 97-3-65(1) (1977) as it stood at the time of White's offense. The judge, in the order dismissing White's PCR motion, noted that for the

6

rape of a child under the age of twelve, White could have received "death or imprisonment for life in the state penitentiary." White became confused about the relevant statute because he relied on the trial court's order dismissing the PCR motion, which erroneously stated that White was indicted for rape of a child under the age of fourteen, which would be pursuant to section 97-3-65(2) as opposed to section 97-3-65(1). However, the applicable statute, section 97-3-65(1), clearly stated that the punishment for rape of a female under the age of twelve could be death or life in prison.

¶16.    The majority opinion suggests that mere allegations of an illegal sentence are excepted from the procedural bar. However, in *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013), we held that "the mere assertion of a constitutional right violation does not trigger the exception." It should also be noted that *Evans* has not yet been modified or overruled. The majority also cites *Smith v. State,* 149 So. 3d 1027 (Miss. 2014), to support their position. Although the supreme court in *Smith* ruled that the doctrine of res judicata was a procedural bar rather than a substantive bar against further litigation in a PCR motion, the court based its ruling on the unique facts of that particular case. *Id.* at 1031 (¶9). *Smith* involved a defendant who was ordered to have a mental evaluation that was never performed. *Id.* at 1030 (¶¶2-3). Smith pled guilty to kidnapping and armed carjacking, receiving thirty years in MDOC custody with twelve years suspended and eighteen years to serve for both charges. *Id.* Smith also pled guilty to felony fleeing, with five years to serve in MDOC custody, and with all of the sentences to run concurrently. *Id.* Smith's case was considered "procedurally alive" because the supreme court determined that a mental evaluation and

7

hearing were required since the trial court ordered Smith's mental evaluation to assess Smith's competence to stand trial. *Id.* at 1035 (¶19).

¶17. Further, White filed a petition for a writ of habeas corpus on October 20, 1981, and the trial court treated it as a PCR motion. White did not file the present PCR motion until March 28, 2013, which is well beyond the three-year statute of limitations. I respectfully disagree with the majority's finding that White's motion is not time-barred.

¶18. The Uniform Post-Conviction Collateral Relief Act provides a three-year statute of limitations for seeking post-conviction relief from a defendant's conviction or sentence. Miss. Code Ann. § 99-39-5(2) (Supp. 2014). There are several exceptions to the statute, one of which is a challenge to the trial court's jurisdiction to impose a sentence. *Id.* White attempts to challenge the trial court's jurisdiction to impose a life sentence. However, the exception does not apply in this case, because the sentence is clearly authorized by statute.

¶19. White filed a petition for a writ of habeas corpus asserting the same argument that he asserts in his current PCR motion. We have stated that "[t]he doctrine of res judicata shall apply to all issues, both factual and legal, decided at trial and on direct appeal." *Taylor v. State,* 121 So. 3d 329, 331 (¶11) (Miss. Ct. App. 2013). Here, the doctrine of res judicata is applicable and precludes White from making the same argument in the motion.

¶20. Furthermore, Mississippi Code Annotated section 99-39-23 (Supp. 2014) provides "[t]he order as provided in subsection (5) of this section or any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a secondary or successive motion under this

8

article." White filed a petition for a writ of habeas corpus prior to filing his current PCR motion. This court has consistently held that "[a]ny motion filed after entry of the final judgment and asserting the same issue is procedurally barred as a secondary or successive writ." *Brown v. State,* 90 So. 3d 645, 648 (¶8) (Miss. Ct. App. 2012).

¶21. Accordingly, I respectfully disagree with the majority opinion that *Smith* suggests that the mere assertion of a constitutional-right violation triggers an exception to the procedural bar, and I would find that White's claims are procedurally barred as a successive writ and are time-barred. I would also disagree with the majority's determination that res judicata is not applicable.