FAIR, J.,
for the Court:
¶ 1. In 1978, Jessie Earl White pled guilty to the rape of a child under the age of twelve. The circuit court sentenced him to life imprisonment. Shortly thereafter, White filed for habeas corpus, alleging that he could only be sentenced to life imprisonment by a jury, not a judge. This pleading was dismissed by the circuit court. More than thirty years later, White has filed a motion for post-conviction relief renewing his claim of an illegal sentence, for the same reason.
¶ 2. We conclude that the statute in effect at the time of White’s offense, plea, *118 and sentence[1] permitted only two sentences for rape of a child under twelve: death or life imprisonment. Accordingly we find the trial court properly dismissed White’s motion, and we affirm on that basis.
STANDARD OF REVIEW
¶ 3. The circuit court may summarily dismiss a PCR motion without an evidentiary hearing “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2014). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. Young v. State, 731 So.2d 1120,1122 (¶ 9) (Miss.1999).
¶ 4. When reviewing the denial of a PCR motion, an appellate court “will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Callins v. State, 975 So.2d 219, 222 (¶ 8) (Miss.2008). Our review of the summary dismissal of a PCR motion, a question of law, is de novo. Young, 731 So.2d at 1122 (¶ 9).
DISCUSSION
1. Procedural Bars/Res Judicata
¶ 5. The trial judge based his ruling solely on the fact that the sentence asserted to be illegal is, in fact, not so. However, both White and the State discuss res judicata, the statutory time-bar, and the successive-writ bar.
¶ 6. The State would have us hold that White’s claim of an illegal sentence is barred by res judicata, as White has made the same claim in a prior writ. Under ordinary principles of res judicata, that would be would be correct. See, e.g., Bosarge v. State, 141 So.3d 24, 26 (¶ 6) (Miss.Ct.App.2014). However, White has alleged that he is being held under an illegal sentence, which would be the violation of a fundamental constitutional right. In Smith v. State, 149 So.3d 1027, 1032 (¶ 13) (Miss.2014), a five-justice majority of the supreme court held, unequivocally, that PCR “claims of constitutional dimensions are ... excepted from common-law res judicata.” The four dissenters would have held otherwise, but the-opinion of the court received a clear majority of the votes, and the decision is therefore binding precedent. This Court is bound to follow it.
¶ 7. As to the time-bar and the successive-writ bar, this Court has previously held that “the mere assertion of a constitutional right violation is not sufficient” to overcome the procedural bars. See, e.g., Stovall v. State, 873 So.2d 1056, 1058 (¶ 7) (Miss.Ct.App.2004). This holding makes sense in the instance where a petitioner really does “merely assert” that a fundamental constitutional right has been violated, or where the petitioner attempts to avoid procedural bars by reframing some other issue as the violation of a constitutional right recognized as fundamental. See Bosarge, 141 So.3d at 26-27 (¶¶ 7-8) (petitioner couching denial of MDOC earned time as an “illegal sentence”). However, too often this Court would essentially hold that whether the claim of the violation of a fundamental constitutional right was procedurally barred depended on whether the claim was meritorious. In other words, this Court would look to the merits of the claim to determine whether we would formally proceed to the claim’s merits — a pointless, inconsistently applied exercise that the supreme court seems to *119 have put an end to with its Smith decision, where it held that a petitioner need only make a coherent allegation of the violation of a fundamental constitutional right to secure review on the merits. See Smith, 149 So.3d at 1031 (¶ 8).
¶ 8. White alleges that his sentence was illegal because it was not authorized by the statute. This is a quintessential illegal-sentence claim. See Foreman v. State, 51 So.3d 957, 962 n. 22 (Miss.2011) (“The imposition of an illegal sentence results when the punishment does not conform to the applicable penalty statute.” (citation and internal quotation marks omitted)). The right to be free from such an illegal sentence is the fundamental constitutional right most frequently recognized in PCR litigation. Bosarge, 141 So.3d at 26 (¶ 7). Consequently we find that the issue is not procedurally barred.
2. Legality of Sentence
¶ 9. White’s claim he received an illegal sentence seems to be based on his confusion as to the controlling law at the time of the offense. On April 13, 1977, four months before his offense and a year and a half prior to imposition of sentence, an amendment of section 97-3-65(1) by the Legislature became effective. After that date, and through the dates of White’s conviction and sentence, the statute read in relevant part:
Every person eighteen (18) years of age or older who shall be convicted of rape by carnally and unlawfully knowing a female child under the age of twelve (12) years, upon conviction, shall be sentenced to death or imprisonment for life in the state penitentiary....
Before the 1977 amendment, the statute had prescribed death as the penalty for rape of a child under twelve, which was in conflict with the United States Supreme Court’s decision in Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976).
¶ 10. White at times appears to base his complaint around either an older or a more recent version of the statute — he refers to a “child under fourteen” in his current post-conviction motion.[2] When he does cite the correct statute, White directs his arguments to the wrong subsection. Subsection (2) of the 1977 version of the statute concerned the rape of “any female of the age of twelve (12) years or upward.” This was punishable by “life in the state penitentiary if the jury by its verdict so prescribes” and if it fails to do so, “the court shall fix the penalty at imprisonment in the state penitentiary for any term as the court, in its discretion, may determine.”
¶ 11. But the transcript of the 1978 plea colloquy, order accepting the plea, and order of sentencing all recite that the victim was a female “child under the age of twelve.” Other documents in the case file reflect she was ten years old. The plea colloquy transcript reflects:
Q. How do you plead to the charge of rape of a female child under the age of twelve, guilty or not guilty?
A. Guilty.
[[Image here]]
Q. Did you commit this crime?
A. Yes, sir.
[[Image here]]
Q. Do you understand that the maximum sentence that can be imposed on your plea of guilty is life imprisonment with the Department of Corrections?
A. Yes, sir.
*120 ¶ 12. The trial judge correctly sentenced White to the only sentence allowed by law for the offense. White’s claim of its illegality is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION.

. Miss.Code Ann. § 97-3-65(1) (Supp.1977).

. See Miss.Code Ann. § 97-3-65(1)(b) (Rev. 2014).