# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-00467-COA

JOHNNY YEARBY, JR. A/K/A JOHNNY YEARBY                 APPELLANT

v.

STATE OF MISSISSIPPI                                   APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 01/28/2013 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON JR. |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHNNY YEARBY JR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED - 03/31/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND FAIR, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1. On March 1, 2010, Johnny Yearby pled guilty in the Circuit Court of Adams County to two counts of uttering forgery. He was sentenced to serve two eight-year terms, running concurrently. Yearby received credit for time served, and the remaining balance was suspended. He was placed on post-release supervision and was remanded to the restitution center for payment of restitution. On June 14, 2011, Yearby was arrested for violating the terms of his post-release supervision. The circuit court dismissed his motion to reinstate probation, and he filed the instant appeal.

## STATEMENT OF FACTS

¶2.     Yearby was charged in a thirteen-count indictment with uttering thirteen forged checks.  On March 1, 2010, he pled guilty in the Circuit Court of Adams County to Counts II and III of the indictment, while Counts I and Counts IV-XIII were retired.  Yearby was sentenced to serve a term of eight years on Count II and eight years on Count III of the indictment, to run concurrently, in the custody of the Mississippi Department of Corrections. He received full credit for time served, and the remaining balance was suspended to be served on formal reporting post-release supervision for five years and the remaining balance on informal nonreporting post-release supervision.  As a special condition of Yearby's post-release supervision, he was remanded to a restitution center for payment of $2,865 in restitution to Natchez Market and $1,785 to Southside Market, for a total of $4,650, plus all court costs and fees.

¶3.     On June 14, 2011, Yearby was arrested for violating the conditions of his probation. Specifically, Yearby escaped from the grounds of the Hinds County Restitution Center.  A hearing was held on July 25, 2011, and Yearby admitted that he left the grounds without permission because he was upset about the amount of money being applied to his court-ordered payments. Following the hearing, the court was provided with a supplemental report stating he brought contraband into the jail.  As a result, his post-release supervision was revoked, and he was ordered to serve the remaining balance of his sentence in the custody of the Mississippi Department of Corrections.

¶4.     On April 10, 2012, Yearby filed a "Petition for Writ of Habeas Corpus/Motion to

2

Vacate Revocation of Post-Release Supervision," which was denied by the circuit court in an order dated July 6, 2012. On September 12, 2012, Yearby filed a request for a writ of prohibition with the Mississippi Supreme Court, which was denied. Yearby then filed a motion for reinstatement of probation on October 26, 2012. The circuit court dismissed the motion in an order entered on February 1, 2013, stating that the matter was not properly before it, and that such relief should have been filed under the Uniform Post-Conviction Collateral Relief Act (UPCCRA). Yearby appealed to this Court, and we remanded to the circuit court to determine whether Yearby "wishe[d] to proceed pro se and ha[d] intelligently and competently waived the right of counsel or whether he should be appointed counsel for the appeal." The circuit court entered an order on April 1, 2013, stating that "the court [found] that the Defendant's request never rose to the level requiring an evidentiary hearing for the court to consider appointment of counsel pursuant to [Mississippi Code Annotated section] 99-39-23 [Supp. 2014]." Yearby filed a motion to amend designation of the record and for the appointment of counsel on appeal, which the circuit court denied. Yearby then filed this appeal arguing that his probation was unconstitutionally revoked.

## STANDARD OF REVIEW

¶5.    "A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous." *Byrom v. State*, 978 So. 2d 689, 690 (¶5) (Miss. Ct. App. 2008) (citing *Smith v. State*, 806 So. 2d 1148, 1150 (¶3) (Miss. Ct. App. 2002)).

## DISCUSSION

3

¶6.     The UPCCRA specifies which grounds for relief are properly sought in a motion for post-conviction relief (PCR). *Walker v. State*, 35 So. 3d 555, 558 (¶11) (Miss. Ct. App. 2010). This list includes claims that an inmate's "probation, parole[,] or conditional release was unlawfully revoked." *Id*. (quoting Miss. Code Ann. § 99-39-5(1)(h) (Supp. 2009)). Mississippi Code Annotated section 99-39-23(6) states that "any order dismissing the [PCR] motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." However, a prisoner may succeed with a successive PCR motion if he is able to show one of the following:

> (1) the existence of newly discovered evidence which would alter the outcome of the prisoner's sentence; or, (2) an intervening decision from the United States Supreme Court or State of Mississippi that would have adversely affected the outcome of the prisoner's case; or, (3) the prisoner must show that biological evidence exists which was either not previously tested or could be subjected to more advanced biological testing and which would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence; or, (4) the prisoner claims that his sentences have expired or his conditional release was unlawfully revoked; or, (5) the prisoner claims that the trial court's error infringed on his fundamental constitutional rights.

*Hearron v. State*, 68 So. 3d 699, 701 (¶13) (Miss. Ct. App. 2011).

¶7.     Yearby filed a "Petition for Writ of Habeas Corpus/Motion to Vacate Revocation of Post-Release Supervision" on April 10, 2012. It was correctly treated as a PCR motion by the Circuit Court of Adams County, and the motion was denied on July 6, 2012. Therefore, that makes Yearby's current motion for reinstatement of probation Yearby's second PCR motion. While it is true that a claim alleging the unlawful revocation of a prisoner's

4

probation falls within the exception to UPCCRA's procedural bar, "the ordinary principles of res judicata are still applicable." *Mohead v. State*, 2013-CP-01070-COA, 2014 WL 5137557, at *2 (¶8) (Miss. Ct. App. Oct. 14, 2014). Therefore, a defendant may not appeal any issues upon which the circuit court ruled in considering the first PCR motion. *Bosarge v. State*, 141 So. 3d 24, 26 (¶6) (Miss. Ct. App. 2014).

¶8. Upon review of the record, it is clear that the issues which were raised in Yearby's current appeal are the same issues that were raised in his PCR motion that was filed on April 10, 2012. In both motions, Yearby claims that his probation was unlawfully revoked, that he was not informed of the probation violation against him, that he was denied proper notice of his preliminary hearing, and that he was denied his due-process rights in the final revocation hearing. The circuit court addressed each of these allegations and dismissed them in its order dated July 6, 2012.

¶9. The instant appeal rose from the circuit court's dismissal of Yearby's motion for reinstatement of probation. In dismissing the motion, the circuit court stated that the motion was not properly before it and that such relief should be requested under the UPCCRA. While we agree that the motion should be dismissed, we are affirming the dismissal on other grounds. This Court will affirm a trial court's decision on appeal where the correct result is reached, even when we disagree with its reasoning in reaching that result. *Carothers v. State*, 152 So. 3d 277, 282 (¶14) (Miss. 2014) (citing *Smith v. State*, 25 So. 3d 264, 273-74 (¶28) (Miss. 2009)). We find that the circuit court's dismissal of Yearby's PCR motion was the correct result; however, we find that the motion was barred by res judicata.

5

¶10.    **THE JUDGMENT OF THE CIRCUIT COURT OF ADAMS COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.  JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.  IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**