RANDOLPH, Presiding Justice,
for the Court:
¶ 1. Jerry Atwood’s post-release supervision required, among other things, that he complete a restitution-center program. When he was expelled from the program, the Circuit Court of Wayne County revoked his supervised release and ordered that he be imprisoned for the remainder of his original grand-larceny sentence-nine years and eleven months. Prior to his revocation hearing, the Legislature amended the probation and post-release-supervision statute to provide for graduated penalties for certain violations. The circuit court held these amendments unconstitutional. Atwood challenged his sentence through a motion for post-conviction relief (PCR), which was denied. Atwood appeals. We find the circuit court erred in holding the amendments unconstitutional, and we remand the case for appropriate recommitment proceedings.

FACTS AND PROCEDURAL HISTORY

¶2. Pursuant to a plea agreement, Atwood pled guilty to grand larceny and was sentenced to a term of ten years in the *845 custody of the Mississippi Department of Corrections with nine years, eleven months suspended, one month to serve initially, and five years’ post-release supervision. The Court ordered Atwood to comply with certain conditions while under post-release supervision, which included the repayment of restitution through a restitution center.
¶3. While on post-release supervision, Atwood was expelled from the restitution center. The field officer petitioned the court to revoke Atwood’s post-release supervision. The circuit court found that Atwood had violated a condition of his release “in that, he failed to complete the restitution center, and he was kicked out for good cause.” The court revoked Atwood’s supervised release and imposed the remainder of his ten-year sentence. The court found the Legislature’s 2014 amendments to Section 47-7-37 (part of House Bill 585) unconstitutional in that they “purport[] to restrict the inherent power of this [c]ourt to enforce its own orders by limiting the sentence available upon a finding of a violation of said orders and the conditions for suspension of all or part of any sentence,” in violation of the separation-of-powers doctrine.
¶ 4. Atwood petitioned for post-conviction relief, claiming reinstatement of his suspended sentence was unlawful in that it exceeded the maximum period of imprisonment allowed under the 2014 amendments to Section 47-7-37. The State maintained the amendments violated the separation-of-powers doctrine and were unconstitutional. In denying PCR, the circuit court again found the amendments unconstitutional. Alternatively, the court maintained that Section 99-19-29 independently authorized the court to revoke Atwood’s post-release supervision and reinstate his original sentence. Atwood appealed.

ISSUES

I. Whether the Legislature may amend the statutorily authorized penalties for certain violations of the conditions of post-release supervision.
II. Whether a circuit court may rely on Section 99-19-29 for the authority to revoke a term of post-release supervision and impose a period of imprisonment.

STANDARD OF REVIEW

¶ 5. This Court reviews questions of constitutionality de novo, “bearing in mind (1) the strong presumption of constitutionality; (2) the challenging party’s burden to prove the statute is unconstitutional beyond a reasonable doubt; and (3) all doubts are resolved in favor of a statute’s validity,” Johnson v. Sysco Food Servs., 86 So.3d 242, 243-44 (Miss.2012) (internal citations omitted). Questions of statutory interpretation, likewise receive de novo review. Tipton v. State, 150 So.3d 82, 84 (Miss.2014).

ANALYSIS

I. The 2014 Amendments to Section 47-7-37
¶ 6. The previous version of Section 47-7-37 authorized a circuit court to punish a violation of the conditions of post-release supervision by “imposing] any part of the sentence which might have been imposed a the time of conviction.” Miss.Code Ann. § 47-7-37 (Rev.2006). Through House Bill 585, the Legislature amended Section 47-7-37. In pertinent part, the statute provides:
If the court revokes probation for a technical violation, the court shall impose a period of imprisonment to be served in either a technical violation center or a restitution center not to exceed *846 ninety (90) days for the first technical violation and not to exceed one hundred twenty (120) days for the second technical violation. For the third technical violation, the court may impose a period ' of imprisonment to be served in either a technical violation center or a restitution center for up to one hundred eighty (180) days or the court may impose the ■ remainder' of the suspended portion of the sentence. For the fourth and any subsequent technical violation, the court may impose up to the remainder of the suspended portion of the sentence.
Miss.Code Ann. § 47-7-37(5)(a) (Rev. 2015). As amended, the statute provides for graduated penalties for “technical violations.” [1]
¶ 7. While this provision addresses probation, “[t]he arrest, revocation and recom-mitment procedures of this section also apply to persons who are serving a period of post-release supervision imposed by the court.” Miss.Code Ann. § 47-7-37(9). See also Miss.Code Ann. '§ 47-7-34 (“Procedures for termination [of post-release supervision] shall be conducted in the same manner as procedures for the revocation of probation and imposition of a suspended sentence as required pursuant to Section 47-7-37”).
¶ 8. The circuit court concluded that the amendments violated the separation-of-powers doctrine by limiting the sentence available upon a finding of a violation of the conditions of post-release supervision, thereby restricting the power of the court to enforce its own orders. Yet we find nothing in the amendments that impinge upon a trial court’s ability to. enforce its orders. The day the amendments took effect, Atwood remained sentenced to ten years, with nine years, eleven months suspended, and five years of post-release supervision. The circuit court retained its sole authority to determine whether Atwood had violated a condition of his supervised release, as well as the power to revoke his . term of supervision and to impose a period of imprisonment. The Legislature simply altered the term and place of imprisonment for certain violations.
¶9, “[D]efining crimes and prescribing punishments are .exclusively legislative functions as a , matter of constitutional law.” Parker v. State, 119 So.3d 987, 998 (Miss.2013) (citations omitted). Circuit courts do not have inherent power to suspend a sentence or to impose a term of post-release supervision, nor do they have inherent power to revoke a term of post-release supervision and impose a period of imprisonment. “Before 1956 the circuit and county courts had no statutory authority to suspend sentences in felony cases.” Johnson v. State, 925 So.2d 86, 96 (Miss.2006) (quoting McDaniel v. State, 356 So.2d 1151, 1159 (Miss.1978)). See also Miller v. State, 875 So.2d 194, 199 (Miss.2004) (noting that “post-release supervision” is a “statutory creature”); Carter v. State, 754 So.2d 1207, 1208 (Miss.2000) (“Miss.Code Ann. § 47-7-34 created the post-release supervision program [and] is a legislative creation — ”). This Court has recognized “that the legislature possesses the power to take away by statute what has been given by statutef.]” Bd. of Trs. of State Insts. of Higher Learning v. Ray, 809 So.2d 627, 637 (Miss.2002).
¶ 10. The circuit court erred by finding the relevant amendments unconstitutional. We reverse the circuit-court judgment and remand the case to the circuit court for a determination of the applicability of the *847 relevant amendments and for appropriate recommitment proceedings.
II. Section 99-19-29
¶ 11. While the circuit court alternatively sought to justify the imposed penalty with Section 99-19-29, Atwood argues and the State concedes this section does not apply.
¶ 12. Section 99-19-29 addresses a circuit court’s authority to impose and subsequently vacate a suspended sentence, as well as the authority to vacate a conditional pardon. However, in this case, the State sought to revoke Atwood’s post-release supervision, which is governed by Section 47-7-37. Atwood was sentenced to a term of post-release supervision pursuant to Section 47-7-34.' The sentencing order clearly states Atwood was sentenced to a term of “post-release supervision.” The order committing him to Mississippi Department of Corrections (MDOC) custody is styled as an “order of revocation of post-release supervision” and states that he had violated the conditions of his “post-release supervision.” As already discussed, the procedures for the revocation of post-release supervision are prescribed exclusively in Section 47-7-37. Thus, Section 99-19-29 cannot be relied upon as authority to revoke Atwood’s post-release supervision.

CONCLUSION

¶ 13. The judgment of the • Wayne County Circuit Court revoking Atwood’s post-release supervision and imposing the remainder of his sentence is reversed and the case is remanded for proceedings consistent with the language of Section 47-7-37.
¶ 14. REVERSED AND REMANDED.
WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, PIERCE, KING AND COLEMAN, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.

. ‘‘Technical violation” is defined as ‘‘an act or omission by the probationer that violates a condition or conditions of probation placed on the probationer by the court or the probation officer.” Miss.Code Ann. § 47-7-2(q) (Rev.2015).