# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-00079-COA

**JESSE LEE WALKER A/K/A JESSE WALKER A/K/A JESSIE WALKER A/K/A JESSIE LEE WALKER A/K/A JESSE L. WALKER**                   APPELLANT

v.

**STATE OF MISSISSIPPI**                                                                   APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 12/11/2014 |
| TRIAL JUDGE: | HON. ROBERT WILLIAM ELLIOTT |
| COURT FROM WHICH APPEALED: | TIPPAH COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT SNEED LAHER |
| | JOHN D. WATSON |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| DISTRICT ATTORNEY: | BENJAMIN F. CREEKMORE |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNT I, GRATIFICATION OF LUST, AND SENTENCED TO FIVE YEARS AND A $1,000 FINE; AND COUNT II, SEXUAL BATTERY, AND SENTENCED TO THIRTY YEARS WITH FIVE YEARS SUSPENDED AND FIVE YEARS OF POST-RELEASE SUPERVISION, WITH THE SENTENCES TO RUN CONSECUTIVELY TO EACH OTHER, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND WITHOUT ELIGIBILITY FOR PAROLE |
| DISPOSITION: | AFFIRMED: 07/19/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., CARLTON AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1. Jesse Walker was convicted of sexual battery and gratification of lust for acts perpetrated against his daughter, Abby,[1] on Christmas Eve in 2013. Abby was thirteen years of age at the time. Walker was sentenced to a total of thirty-five years, with five years suspended for post-release supervision.

¶2. On appeal, Walker asserts that the trial court erred in (1) refusing to suppress his confession, (2) finding the victim was of tender years, (3) failing to exclude alleged prior bad acts concerning the living conditions of his home, (4) refusing his proposed jury instruction D-2, and (5) denying his motions for a new trial and a judgment notwithstanding the verdict.

¶3. Finding no merit to these assertions of error, we affirm the judgment of the trial court.

## DISCUSSION

### 1. Confession

¶4. In support of his motion to suppress the confession, Walker testified that while in custody and being interrogated, he signed "a piece of paper but wasn't sure what was on it." An officer told him to "give a statement of what he had done all day and he would talk to the judge and it would make it easier on his sentencing," adding that "the judge would go lighter on him." Walker also claimed there were four officers in the room, and one yelled and cursed at him, while all of the officers asked him questions. Then he was handed a typed paper and told to sign it, which he did. Walker denied that he read it or that it was read to him.

---

[1] We use a fictitious name to protect the identity of the victim.

¶5.     "The burden lies with the State to prove that a confession is voluntary." *Scott v. State*, 8 So. 3d 855, 861 (¶24) (Miss. 2008). "[T]he burden is met by the testimony of an officer, or other person having knowledge of the facts, that the confession was voluntarily made without any threats, coercion, or offer of reward. This makes out a prima facie case for the State on the question of voluntariness." *Id.* (citation and quotation marks omitted). "The trial judge must determine beyond a reasonable doubt that a confession was voluntary and knowing and that the defendant was given his *Miranda* rights prior to any custodial interrogation." *Id.* at (¶23).

¶6.     "A confession is voluntary when, taking into consideration the totality of the circumstances, the statement is the product of the accused's free and rational choice." *Wilson v. State*, 936 So. 2d 357, 361-62 (¶8) (Miss. 2006).

¶7.     In his arguments on appeal, Walker completely ignores the testimony of the officers, which paints a different picture. They described how they read aloud Walker's *Miranda* rights and how Walker voluntarily signed the waiver of his rights. At the end of the interview, the officers prepared a typed version of Walker's statement, which they read to him, and Walker voluntarily signed the statement. They testified that there were no promises of leniency or favor from them or the judge. Further, they testified they did not shout or curse at Walker, and that they allowed him to smoke while in custody and provided him with water when he requested it.

¶8.     The trial court found that the testimony of the officers was more convincing and that

"there were no threats, depravation of necessity, [or] any type of pressure or promises of leniency." The court also found that Walker understood the warnings given to him. Ultimately, the court found that the State "proved beyond a reasonable doubt that the statements were voluntarily and freely given."

¶9.     "The circuit court sits as a fact finder when determining voluntariness of a confession, and its determination will not be reversed unless manifestly wrong." *Horne v. State*, 825 So. 2d 627, 639 (¶44) (Miss. 2002). This Court can reverse a trial court's denial of a motion to suppress "only when an incorrect legal standard was applied, manifest error was committed, or the decision is contrary to the overwhelming weight of the evidence." *Williams v. State*, 115 So. 3d 774, 778 (¶11) (Miss. 2013) (quoting *Martin v. State*, 871 So. 2d 693, 701 (¶30) (Miss. 2004)). Crucially, "the resolution of conflicting testimony regarding voluntariness is a question of fact to be resolved by the trial judge at the suppression hearing." *Chase v. State*, 645 So. 2d 829, 841 (Miss. 1994) (citation omitted).

¶10.     Given the officers' testimony, we can find no error in the admission of Walker's confession.

### 2. Hearsay / Tender-Years Exception

¶11.     Next, Walker argues that the trial court erred in admitting a video recording of a forensic interview with the victim into evidence. The trial court found it subject to the hearsay exception for statements made by a child of tender years. Walker challenges the trial court's finding that the victim was of tender years based on her age, which was thirteen years

at the time she made the statement.

¶12. The Mississippi Supreme Court has held that "there is a rebuttable presumption that a child under the age of twelve is of tender years." *Veasley v. State*, 735 So. 2d 432, 436 (¶16) (Miss. 1999). The court elaborated:

> Where an alleged sexual abuse victim is twelve or older, there is no such presumption and the trial court must make a case-by-case determination as to whether the victim is of tender years. This determination should be made on the record and based on a factual finding as to the victim's mental and emotional age. If the court finds that the declarant is of tender years, then it must still rule on the [Mississippi Rule of Evidence] 803(25)(a) and (b) factors before admitting the testimony.

*Veasley*, 735 So. 2d at 437 (¶16).

¶13. Here, a tender-years hearing was held outside the presence of the jury. Since Abby was thirteen when she disclosed the alleged sexual abuse by her father, the trial judge had to first make an on-the-record determination, based on factual findings, that Abby's mental and emotional age was of tender years. That is exactly what he did.

¶14. During the tender-years hearing, the judge heard testimony from a family protection specialist from the Mississippi Department of Human Services and a forensic interviewer from a child advocacy center. They described Abby as a "very low-functioning child," a special education student with an IQ of 70. She had previously been diagnosed with attention deficit / hyperactivity disorder (ADHD) and did not "present as the average thirteen-year-old child." Abby "seemed to be very immature [and] very childlike," and appeared "scared and timid." Her speech was difficult to understand, and she was frustrated

5

that she could not articulate herself, so much so that one interviewer gave her a pen and paper to write out her responses.

¶15.    The trial court cited this testimony and its own review of the video recording, and it expressly found that "[Abby's] mental and emotional age [is] that of a child of tender years."

¶16.    As an appellate court, we "employ an abuse-of-discretion standard when reviewing claims that the trial judge erred by admitting hearsay." *White v. State*, 48 So. 3d 454, 456 (¶9) (Miss. 2010) (internal citations omitted).

¶17.    Walker offers no real argument on this point, except to point out that Abby was above the age where she is presumed to be of tender years.  That is not a showing of an abuse of discretion.  We find no error on this issue.

### 3.  Photographs

¶18.    Twenty-nine photographs showing the Walker home and surrounding areas, where the sexual misconduct occurred, were admitted into evidence over Walker's objections.  On appeal, Walker argues that the photographs "show the disheveled state of [his] property" and should have been excluded because they were "an attempt to undermine [his] character." Other than a  rote recitation of the controlling law, this is the entirety of his argument on this point.

¶19.    The photographs show the home and its surrounding areas, which were the scene of the crime.  Furthermore, the record reflects that the pictures were taken as part of a DHS investigation into the living conditions at the home, and it was during this investigation that

6

Abby revealed the sexual abuse. The photographs also show numerous empty bottles of Jack Daniels whisky, which corroborate a detail from Walker's contested confession, where he repeatedly emphasized his drinking Jack Daniels in an apparent attempt to excuse his actions.

¶20. "[T]he State has a legitimate interest in telling a rational and coherent story of what happened." *Davis v. State*, 40 So. 3d 525, 530 (¶18) (Miss. 2010) (citation omitted). "Where substantially necessary to present to the jury the complete story of the crime, evidence or testimony may be given even though it may reveal or suggest other crimes [or bad acts]." *Id.* (citation omitted).

¶21. We find no abuse of discretion in the admission of the photographs.

### 4. Refusal of Instruction D-2

¶22. Walker submitted the following as his proposed jury instruction D-2:

> The Court instructs the jury that if you believe from the evidence that the alleged confession of the Defendant was untrue you should disregard it or, if you believe from the evidence that it was made under the influence of hope or fear, you may take this into account in determining what weight or credit, if any, you may attach to it as evidence.

¶23. The trial court refused the instruction. On appeal, Walker claims this was error based on *Thomas v. State*, 426 So. 2d 795, 795 (Miss. 1983), where the Mississippi Supreme Court found reversible error in the refusal of a similar instruction. However, the *Thomas* court also noted that the trial court there had failed to give a general instruction "explaining to the jury that they were the sole judge of the weight and credibility of the witnesses, and that they could give testimony and evidence such weight as they deemed it justified." *Id.* In this case,

7

the court's own instruction, C-1, stated just that (in relevant part):

> You are the sole judges of the facts in this case. Your exclusive province is to determine what weight and what credibility will be assigned the testimony and supporting evidence of each witness. You are required and expected to use your good common sense and sound honest judgment in considering and weighing the testimony of each witness[.]

¶24. Jury instructions are reviewed for abuse of discretion. *Bailey v. State*, 78 So. 3d 308, 315 (¶20) (Miss. 2012). Moreover, all instructions should be read together as a whole, and there is no reversible error if they "fairly state the law of the case and create no injustice." *Id.* We find no merit to this issue.

## 5. Weight and Sufficiency of the Evidence

¶25. Walker raises these issues, but he makes no actual argument in support. Mississippi Rule of Appellate Procedure 28(a)(6) states: "The argument shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." And while Walker does cite numerous authorities, the rule "does not simply require a party to mention authority; the authority must be used to develop the argument in a meaningful way." *Archer v. State*, 118 So. 3d 612, 621 (¶29) (Miss. Ct. App. 2012) (citation omitted). This is because "there is a presumption that the judgment of the trial court is correct and the burden is on the Appellant to demonstrate some reversible error to [the appellate court]." *Birkhead v. State*, 57 So. 3d 1223, 1231 (¶28) (Miss. 2011).

¶26. Notwithstanding the procedural bar, these contentions are without merit. The record

8

contains a signed confession from Walker as well as the statements of the victim. Suffice to say that both lay out sufficient evidence supporting each count, in detail. We have no difficulty concluding that "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005) (quoting *Jackson v. Virginia*, 443 U.S. 307, 315 (1979)).

¶27.     As to the weight of the evidence, Walker did testify and deny the allegations. But this just created a conflict in the evidence, the resolution of which was entrusted to the jury, as the finder of fact. "The law is clear that the weight and credibility to give to the evidence are within the province of the jury." *Victory v. State*, 83 So. 3d 370, 375 (¶22) (Miss. 2012).

¶28.     We find no merit to Walker's contentions regarding the weight and sufficiency of the evidence.

¶29.     **THE JUDGMENT OF THE CIRCUIT COURT OF TIPPAH COUNTY OF CONVICTION OF COUNT I, GRATIFICATION OF LUST, AND SENTENCE OF FIVE YEARS AND A $1,000 FINE; AND COUNT II, SEXUAL BATTERY, AND SENTENCE OF THIRTY YEARS WITH FIVE YEARS SUSPENDED AND FIVE YEARS OF POST-RELEASE SUPERVISION, WITH THE SENTENCES TO RUN CONSECUTIVELY TO EACH OTHER, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND WITHOUT ELIGIBILITY FOR PAROLE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

     **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**