# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-KA-00011-COA

**DECARLOS SANTEZ CLARK A/K/A CARLOS A/K/A DECARLOS CLARKE**  APPELLANT

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 12/08/2022 |
| TRIAL JUDGE: | HON. CHARLES W. WRIGHT JR. |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: JUSTIN TAYLOR COOK DECARLOS SANTEZ CLARK (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| DISTRICT ATTORNEY: | KASSIE ANN COLEMAN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 06/11/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., LAWRENCE AND SMITH, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1. Decarlos Santez Clark was indicted by a Lauderdale County grand jury for possession of a controlled substance with the intent to distribute. After a jury trial, Clark was convicted of the lesser-included offense of simple possession. The circuit court sentenced Clark as a habitual offender to life imprisonment without eligibility for parole pursuant to Mississippi Code Annotated section 99-19-83 (Rev. 2020). Clark's post-trial motion was denied, and he appealed his conviction. Clark's appellate counsel filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005). Clark filed a pro se supplemental brief raising four issues

without citing any authority or providing any meaningful arguments. Notwithstanding a procedural bar, those issues are without merit. After a review of the record on appeal, we affirm Clark's conviction and sentence.

**FACTS**

¶2.     Fred Hardy testified at trial.[1] Officer Hardy was a police officer with Meridian Community College on April 20, 2021. On that day, he saw Clark standing outside his vehicle, which had broken down at the main entrance to the college campus. Officer Hardy pulled in his vehicle behind Clark to offer assistance. Because Clark appeared to be under the influence, Officer Hardy asked him for his identification. Clark began looking in his vehicle. At that time, Officer Hardy noticed a "bag of colorful pills." Officer Hardy asked Clark what was in the bag, and Clark responded that it was a "Black & Mild or some type of cigar." When Officer Hardy pointed at the bag and told Clark it did not contain a cigar, Clark "grabbed [the bag] and balled it up in his fist." Clark also put the bag of pills behind him to prevent Officer Hardy "from getting" to them.

¶3.     Clark refused several times to provide the bag of pills to Officer Hardy. Finally, Officer Hardy told Clark he would be placed under arrest, and Clark ran. Officer Hardy chased Clark and at one point "tussled" him to the ground, but Clark was able to free himself and ultimately ran to a water drain. Clark threw the bag of pills into the drain. Only after doing so did he stop resisting arrest. Officer Hardy testified that the bag of pills was

_____

[1] Officer Hardy was the only witness who testified at the hearing on the motion to suppress held outside the presence of the jury venire, which took place on the first day of trial. His testimony at trial was redundant, so it will only be recounted once in this opinion.

recovered from the drain and delivered to the Mississippi Crime Laboratory for testing. Officer Hardy testified that he collected and photographed the bag of pills and took a photo of same. He verified that the bag in the photograph was the same bag delivered to the crime lab.

¶4. The State also called Officer Cortez Rush, who was employed as an on-campus police officer with Meridian Community College as well. Officer Rush responded to the crime scene after Clark's arrest and was told by Officer Hardy that Clark threw a bag of pills in the drain. Officer Rush recovered the bag of pills from the drain. He wore a body camera, which captured him seeing and recovering the bag of pills from the drain.

¶5. The State called Officer Demetrius Willburn, who created the label on the bag of pills. After he took custody of the bag of pills, Officer Willburn counted the pills and heat-sealed them in a kapak bag, labeled them, and placed them into evidence. Officer Willburn delivered the bag of pills to the Mississippi Crime Lab on April 27, 2021.

¶6. Clark's attorney questioned Officer Willburn about receiving the bag of pills and delivering it to the crime lab. The following exchange occurred:

> Q: And then you yourself took the kapak bag - - what I'm holding, Exhibit 11, to the crime lab, correct?
>
> A: Correct.
>
> Q: All right. That's good enough for the chain of custody.

Clark's attorney made no objection to the chain of custody at trial. In fact, he stated that he was satisfied with the chain-of-custody issue and then moved on to other areas of questioning.

¶7. The State called Maggie Rowland, a forensic scientist with the Mississippi Crime Lab. She was tendered and accepted by Clark's attorney as an expert in the field of drug analysis. Rowland testified she performed three tests to confirm the contents of the bag of pills. She reported thirty-seven pills total but initially conducted tests on only three of the pills. She received the same bag of pills in the laboratory a second time and then tested seventeen more pills. Of the twenty pills tested, fifteen contained methamphetamine and caffeine, while five contained methamphetamine, eutylone, and caffeine.

¶8. The trial court handled several matters before the defense presented its case-in-chief. First, Clark previously had been convicted of four different felonies, so he was charged as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83. The four convictions included a 1999 sexual battery conviction, a 2000 felon in possession of a firearm conviction, a 2008 felony malicious mischief conviction, and a 2015 credit card fraud conviction. Clark objected prior to testifying that the State should not be allowed to impeach him for any of the first three due to the ten year time limit under Mississippi Rule of Evidence 609. The trial court sustained the objections. Finally, the court allowed the State to amend the indictment from thirty-seven dosage units of methamphetamine to twenty dosage units because the crime lab only tested the minimum required from the bag of pills to reach the number specified in the indictment charge.

¶9. Clark testified in his defense. Clark essentially admitted that his vehicle broke down, Officer Hardy arrived at the scene, and he (Clark) refused to "come here" when Officer Hardy requested him to do so. Clark ran from Officer Hardy, and he was subsequently

4

arrested. Clark claimed Officer Hardy told him, "[W]hatever I find in this parking lot is going to be yours." Clark testified he ran from Officer Hardy because he was afraid of being shot by a police officer. He claimed he was not near the drain and that the pills were not his.

¶10. The jury was instructed on possession of a controlled substance with intent and simple possession. The jury returned a guilty verdict for simple possession. The trial court sentenced Clark as a section 99-19-83 habitual offender, and Clark is presently serving life imprisonment without eligibility for parole in the Mississippi Department of Corrections. Clark appeals from this judgment of conviction and sentencing.

## ANALYSIS

¶11. In *Lindsey*, 939 So. 2d at 748 (¶18), the Mississippi Supreme Court established the "procedure to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal." In this case, Clark's appointed appellate counsel complied with that procedure and certified there were no arguable issues for appeal. Clark's appellate counsel also certified in his brief that he "mailed by first class, postage prepaid, a copy" of the brief filed in this court, the trial transcript, and a letter "informing Clark" that counsel found "no arguable issues in the record" and that "Clark has a right to file a pro se brief." This Court also entered an order granting Clark time to file a pro se brief. Clark filed a supplemental brief with this Court raising the following four issues on appeal:

1.  [The] [d]rugs found at the scene were not taken off [a]ppellant's body, nor were they taken out of [a]ppellant's vehicle. They were found by MCC [p]olice [o]fficer Cortez Rush (away from the [a]ppellant) in a sewer. . . .

5

2.       Chain of [c]ustody was broken when officer Rush did not place the drugs in bag, label it, sealed it nor signed it. . . .

3.       . . . There is no proof that what was taken out of the ditch, then give[n] to officer Hardy, who then kept it with him, . . . are the same drugs . . . tested at the state crime lab. . . .

4.       There is a discrepancy in the number of pills that was entered into evidence, the way they were counted, and what constituted a pill[.][2]

¶12.    Clark failed to make any objections at trial as to any of the four errors he now assigns in his brief. "The rationale behind the contemporaneous objection rule is so that the trial court may, when possible, correct the error." *Giles v. State*, 282 So. 3d 519, 525 (¶14) (Miss. Ct. App. 2019) (citing *Jenkins v. State*, 75 So. 3d 49, 57 (¶21) (Miss. Ct. App. 2011)). "The failure to make a contemporaneous objection bars [a defendant] from raising [the] issue for the first time on appeal." *Smith*, 724 So. 2d at 319 (¶155). "A trial judge will not be found in error on a matter not presented to him for [a] decision." *Jones v. State*, 606 So. 2d 1051, 1058 (Miss. 1992). Neither Clark nor his attorney made any objections at trial concerning the chain of custody or as to any of the issues he raises in his pro se brief. Accordingly, those issues are procedurally barred on appeal.

¶13.    Further, it is important to note that Mississippi Rule of Appellate Procedure 28(a)(7) requires an appellant's argument to include "the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." *Accord Reading v. Reading*, 350 So. 3d 1195, 1199 (¶19) (Miss. Ct. App. 2022) (citing *Walker v. State*, 197 So. 3d 914, 919 (¶25) (Miss.

---

[2] Clark's brief simply relayed the four assignments of error without being in the proper form or providing any authority or argument whatsoever as to each assignment.

Ct. App. 2016)). The rule "does not simply require a party to mention authority; the authority must be used to **develop the argument in a meaningful way**." *Id*. Mississippi courts have repeatedly held that "in the absence of meaningful argument and citation of authority, this [c]ourt generally will not consider the assignment of error." *State v. Aldrich*, No. 2022-SA-01088-SCT, 2024 WL 1455595, at *6 (¶31) (Miss. Apr. 4, 2024) (quoting *Patton v. State*, 109 So. 3d 66, 75 (Miss. 2012)); *see also Stewart v. State*, 291 So. 3d 738, 749 (¶47) (Miss. 2020); *Randolph v. State*, 852 So. 2d 547, 558 (¶29) (Miss. 2002); *Goode v. State*, 374 So. 3d 592, 603 at n.5 (Miss. Ct. App. 2023); *Gilbert v.* State, 379 So. 3d 890, 898 (¶13) (Miss. Ct. App. 2023); *Siggers v. State*, 342 So. 3d 1213, 1218 (¶16) (Miss. Ct. App. 2022). The Supreme Court has held that issues not supported by "meaningful argument" for appellate review are waived. *Aldrich*, 2024 WL 1455595, at *6 (¶31) (quoting *Patton*, 109 So. 3d at 75).

¶14. Clark fails to support any alleged error with citation to authority. Further, Clark wholly fails to make any meaningful argument as to the issues he raises on appeal. In fact, Clark provided this Court with zero argument or authority. This Court would have to engage in rank speculation and conjecture and assume the role of an advocate to respond to any of Clark's alleged errors, which we will not do. *Satterfield v. State*, 158 So. 3d 380, 383 (¶6) (Miss. Ct. App. 2015) (citing *Jefferson v. State*, 138 So. 3d 263, 265 (¶9) (Miss. Ct. App. 2014)) ("Simply put, we will not act as an advocate for one party to an appeal. The appellant must affirmatively demonstrate error in the court below, and failure to do so waives an issue on appeal.").

7

¶15.    Clark's brief appears to argue in one form or another that the chain of custody was not properly maintained.  In that regard, *Turner v. State*, 232 So. 3d 763 (Miss. Ct. App. 2017), is dispositive.  In that case, the defendant entered a guilty plea for sale of a controlled substance and was subsequently released on post-release supervision (PRS).  *Id.* at 766 (¶2).  The defendant violated the terms of his PRS, and the State filed a motion to revoke his PRS and impose his suspended sentence.  *Id*. at (¶3).  During a hearing on the State's petition, the defendant asserted irregularities in his urinalysis, contending that the positive test result was not his.  *Id*. at (¶4).  At the end of the hearing, the circuit court found the defendant in violation of the terms of his PRS and imposed his suspended sentence.  *Id*. at (¶5).  The defendant filed a motion for post-conviction collateral relief, which the circuit court denied.  *Id*.  The defendant appealed from that order.  *Id.*  On appeal, this Court held the following:

> At no time during the hearing did Turner object to the admission of the urinalysis results on the basis of the State's failure to sufficiently establish the chain of custody.  Turner maintains that since his counsel questioned the accuracy of the urinalysis during an in-chambers conference, the circuit court should have required the presence of the lab technician.  We do not agree. "The failure to make a contemporaneous objection bars [a defendant] from raising [the] issue for the first time on appeal." *Smith v. State*, 724 So. 2d 280, 319 (¶155) (Miss. 1998).  "A trial judge will not be found in error on a matter not presented to him for [a] decision." *Jones v. State*, 606 So. 2d 1051, 1058 (Miss. 1992).

*Id.* at 766 (¶9).  Accordingly, this Court found no error as to this issue.  *Id*. at (¶10).

¶16.    Following a review of the record with a clear understanding that the jury determines the factual issues in dispute and weighs the credibility of the witnesses, this Court finds that the State presented sufficient evidence to support Clark's conviction.  *See Knox v. State*, 912 So. 2d 1004,1009 (¶23) (Miss. Ct. App. 2005) (citing *Harvey v. State*, 875 So. 2d 1133, 1136

8

(¶18) (Miss. Ct. App. 2004)).  In addition, this Court has "conducted an independent and thorough review of the record, and we conclude that there are no issues that warrant reversal." *Taylor v. State*, 162 So. 3d 780, 787 (¶18) (Miss. 2015).  Therefore, Clark's conviction and sentence are affirmed.

¶17.  **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**