# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-KA-00580-COA

WILLIAM ALLEN CARPENTER                                        APPELLANT

v.

STATE OF MISSISSIPPI                                              APPELLEE

DATE OF JUDGMENT:             04/04/2023
TRIAL JUDGE:                  HON. CELESTE EMBREY WILSON
COURT FROM WHICH APPEALED:    DESOTO COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       WILLIAM ANDY SUMRALL
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: BARBARA WAKELAND BYRD
DISTRICT ATTORNEY:            ROBERT R. MORRIS
NATURE OF THE CASE:           CRIMINAL - FELONY
DISPOSITION:                  AFFIRMED - 08/13/2024
MOTION FOR REHEARING FILED:

### BEFORE CARLTON, P.J., McDONALD AND McCARTY, JJ.

### CARLTON, P.J., FOR THE COURT:

¶1.    William Allen Carpenter appeals his conviction in the DeSoto County Circuit Court of two counts of child exploitation after being sentenced to concurrently serve two fifteen-year terms in custody. On appeal, Carpenter argues that Mississippi Code Annotated section 97-5-33(8) (Rev. 2020) is unconstitutional. He also challenges the sufficiency of the evidence supporting his conviction.

¶2.    Finding no error, we affirm Carpenter's convictions and sentences.

## FACTS

¶3.    Detective Michael Hansbro of the Hernando Police Department worked as an undercover agent tasked with investigating child exploitation cases. During his

investigations, Detective Hansbro used various dating websites and applications while posing as an underage female child. Detective Hansbro explained that even though most of the websites and applications require users to be at least eighteen years old, younger users still create profiles. In creating a profile on the websites and applications, Detective Hansbro would signal that he was younger than eighteen years old.

¶4. During an undercover investigation where Detective Hansbro was posing as a fourteen-year-old female, Carpenter began communicating with him on the social networking application Grindr. At the time, Carpenter was forty-nine years old.[1] Detective Hansbro testified that over the course of about eighteen months, Carpenter used Grindr, three different cell phone numbers, an email address, and the WhatsApp communications application to communicate with Detective Hansbro. During the communications, Carpenter repeatedly asked Detective Hansbro, who was posing as a fourteen-year-old female, to send him nude and sexually explicit pictures. Carpenter also sent Detective Hansbro pictures of sex toys, proposed marriage, made requests to meet in person, and expressed his desire to impregnate the fourteen-year-old female. Detective Hansbro testified that these communications with Carpenter spanned from April 28, 2020, through December 2, 2021.

¶5. Detective Hansbro eventually discovered Carpenter's identity and arrested him. After his arrest, Carpenter waived his *Miranda*[2] rights and agreed to speak with Detective Hansbro and Victoria Rice, the commander of the Internet Crimes Against Children (ICAC) Task

---

[1] Carpenter was born in 1971.

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Force. During the interview, Carpenter claimed that he knew he was communicating with law enforcement and did not think he was talking to a child.

¶6. Carpenter was eventually indicted for one count of enticement of a child under the age of eighteen years old to produce any visual depiction of adult sexual conduct or any sexually explicit conduct, in violation of Mississippi Code Annotated section 97-5-33(7), and one count of child enticement of a child under the age of eighteen years old to engage in sexually explicit conduct, in violation of Mississippi Code Annotated section 97-5-33(6).

¶7. At Carpenter's trial, the jury heard testimony from Detective Hansbro, Rice, and Carpenter. During his testimony, Detective Hansbro provided details for the jury about his investigation and the nature of his communications with Carpenter. Detective Hansbro testified that while conducting his investigation, he followed the common practices and standards utilized by ICAC. Detective Hansbro explained that ICAC standards prohibit investigators from initiating conversations, so he would set up a profile on a website or application and then "sit there and wait for messages to come in." Once a conversation begins, the "common practice" under ICAC is for investigators to let the other person know at least twice that they are underage, so there is no chance for miscommunication. Detective Hansbro testified that he also provides "exit opportunities" for the person he communicates with by not pursuing them. Detective Hansbro explained that according to ICAC procedures, investigators posing as children must let the suspect lead the conversation and must never initiate any sexually explicit conversations or topics. Detective Hansbro explained that all these procedures were designed to "alleviate entrapment."

¶8.     The State submitted into evidence a binder containing screenshots of the text conversations between Detective Hansbro and Carpenter.[3] Detective Hansbro testified that he cataloged the conversations in the binder by phone number and date range. Carpenter objected to the binder being admitted into evidence, arguing that the communications in the binder exceeded the date in the indictment. The trial court admitted the binder into evidence after finding that pursuant to Mississippi Rule of Evidence 403, the probative value of the contents of the binder was not substantially outweighed by the danger of unfair prejudice. The trial court also found that the contents of the binder were admissible under Mississippi Rule of Evidence 404(b) and relevant to prove Carpenter's plan, preparation, opportunity, and lack of mistake, as well as to identify him. Carpenter's counsel lodged a continuing objection to the admission of the binder and Detective Hansbro's testimony about the contents of the binder.

¶9.     After the State rested its case, Carpenter moved for a directed verdict. Carpenter's counsel argued that the State failed to prove venue and that Carpenter should be acquitted since no child was actually involved. Carpenter's counsel also attacked the constitutionality of section 97-5-33(8), arguing that in drafting subsection (8), the Legislature "usurped" the authority of the judiciary by eliminating a defense. After hearing arguments, the trial court denied Carpenter's motion.

---

[3] The trial court initially ruled that the legend and tabs in the binder could be used by Detective Hansbro during his testimony but required they be removed before the binder went to the jury room. After Detective Hansbro testified, the trial court reconsidered its ruling and stated that the tab information could stay in. The trial court explained that the tab information had been established through Detective Hansbro's testimony and would help the jury review the various conversation events. Carpenter did not object.

¶10. Carpenter then testified in his own defense. Carpenter admitted to sending the explicit text messages that were entered into evidence, but he claimed that he had known all along that he was talking to law enforcement.

¶11. During the jury instructions conference, Carpenter objected to proposed jury instruction S-5, which tracked the language of 97-5-33(8). He repeated his argument that in drafting subsection (8), the Legislature had overstepped its boundaries. The trial court overruled Carpenter's objection and gave jury instruction S-5 after finding that it was a correct statement of the law pursuant to subsection (8).

¶12. The jury returned a verdict finding Carpenter guilty of both counts of child exploitation. The trial court sentenced Carpenter to serve fifteen years in the custody of the Mississippi Department of Corrections for each count, with the sentences set to run concurrently, followed by ten years of post-release supervision, with five years of reporting and five years of non-reporting supervision. The trial court also ordered Carpenter to register as a sex offender.

¶13. Carpenter filed a motion for judgment notwithstanding the verdict (JNOV) and a motion for a new trial. After the trial court denied his post-trial motions, Carpenter appealed.

**DISCUSSION**

**I. Constitutionality of Section 97-5-33(8)**

¶14. On appeal, Carpenter attacks the constitutionality of section 97-5-33(8), claiming that the statute is unconstitutionally overbroad and encourages entrapment.[4] Carpenter argues

---

[4] When Carpenter challenged the constitutionality of subsection (8) at trial, he did not raise the issue of whether the statute was overbroad; rather, he asserted that the Legislature

5

that because section 97-5-33(8) is unconstitutional, the trial court erred in giving jury instruction S-5.

¶15.    When reviewing the constitutionality of Mississippi statutes, we apply a de novo standard, "bearing in mind (1) the strong presumption of constitutionality; (2) the challenging party's burden to prove the statute is unconstitutional beyond a reasonable doubt; and (3) all doubts are resolved in favor of a statute's validity." *Atwood v. State*, 183 So. 3d 843, 845 (¶5) (Miss. 2016) (quoting *Johnson v. Sysco Food Servs.*, 86 So. 3d 242, 243-44 (¶3) (Miss. 2012)).

¶16.    Carpenter was convicted of violating section 97-5-33(6)-(7), which makes it unlawful to knowingly entice a child "to meet with the defendant or any other person for the purpose of engaging in sexually explicit conduct" or "to produce any visual depiction of adult sexual conduct or any sexually explicit conduct." Subsection (8) states that it is not a defense that an undercover law enforcement officer posing as a child (rather than an actual child) led to the detection of the offense. Miss. Code Ann. § 97-5-33(8). Jury instruction S-5 tracked the language of subsection (8) almost verbatim and instructed the jury that "the fact that an undercover operative or law enforcement officer posed as a child or was involved in any other manner in the detection and investigation of this offense shall not constitute a defense."

    *A.*    *Overbroad*

---

"usurped" the authority of the judiciary by eliminating a defense. Carpenter made this same argument again during the jury instructions conference when he argued that instruction S-5, which tracked the language of subsection (8), should not be given. As stated, the trial court found no merit to Carpenter's argument that the Legislature overstepped its boundaries in drafting the statute.

6

¶17. Carpenter first argues that section 97-5-33(8) is unconstitutionally overbroad. In support of his overbreadth argument, Carpenter asserts that subsection (8) "allows undercover operatives or law enforcement to pose as a child, and be both the investigation and the only victim." We recognize that a statute is "unconstitutionally overbroad if it 'does not aim specifically at evils within the allowable area of [s]tate control but, on the contrary sweeps within its ambit other activities' protected by the First Amendment." *Wilcher v. State*, 227 So. 3d 890, 895 (¶26) (Miss. 2017) (quoting *Thornhill v. Alabama*, 310 U.S. 88, 97 (1940)). The United States Supreme Court has cautioned that the overbreadth doctrine is "strong medicine" and should be "employed . . . with hesitation, and then 'only as a last resort.'" *Id*. (quoting *New York v. Ferber*, 458 U.S. 747, 769 (1982)). To succeed on his claim that the statute is unconstitutionally overbroad, Carpenter "must demonstrate from the text of the statute and actual fact that the statute's overbreadth is both real and substantial and there are a number of instances where the law cannot be applied constitutionally." *Id*. (citing *New York State Club Ass'n v. City of New York*, 487 U.S. 1, 14 (1988)).

¶18. Upon review, we find that Carpenter has failed to meet his burden of proving that subsection (8) is unconstitutional beyond a reasonable doubt. Mississippi's child exploitation statute at issue (section 97-5-33(6)-(7)) does not implicate any constitutionally protected rights or speech; as a result, Carpenter has failed to show that he was engaged in constitutionally protected speech. *See United States v. Howard*, 766 F.3d 414, 429-30 (5th Cir. 2014); *Matheny v. State*, 289 So. 3d 328, 334 (¶14) (Miss. Ct. App. 2020). In *Howard*, the United States Court of Appeals for the Fifth Circuit determined that the federal child

7

exploitation statute was not unconstitutionally overbroad. *Howard*, 766 F.3d at 429.[5]  In

making its determination, the Fifth Circuit recognized that other jurisdictions had rejected

overbreadth challenges to the same statute because "(1) the statute applies only to persons

who knowingly attempt to persuade minors to engage in sexual activity, and (2) a defendant

'does not have a First Amendment right to attempt to persuade minors to engage in illegal

sex acts.'"  *Id*. at 429 (quoting *United States v. Hart*,  635 F.3d 850, 857 (6th Cir. 2011)).

The Fifth Circuit further found that the language of the statute "establishes the requisite

minimal guidelines to prevent arbitrary or discriminatory enforcement in that it applies only

to those who 'knowingly' engage in the prohibited conduct."  *Id*. at 429 (citation omitted).

¶19.    Similarly, we find that Mississippi's child exploitation statute is not overbroad

because it "does not criminalize protected speech." *Id*. at 430.  Rather, Mississippi's statute

only applies to persons who knowingly engage in the prohibited conduct of enticing a child

"to meet with the defendant or any other person for the purpose of engaging in sexually

explicit conduct" or "to produce any visual depiction of adult sexual conduct or any sexually

explicit conduct," and subsection (8) states that "[t]he fact that an undercover operative or

law enforcement officer posed as a child or was involved in any other manner in the

---

[5] The statute at issue in *Howard*, 18 U.S.C. § 2422(b), states as follows:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

detection and investigation of an offense under this section shall not constitute a defense to a prosecution under this section." Miss. Code Ann. § 97-5-33(6)-(8). Furthermore, we find that any potential overbreadth in the statute's scope would be "cured through case-by-case analysis of the fact situations to which its sanctions, assertedly, may not be applied." *Ferber*, 458 U.S. at 773 (citing *Broadrick v. Oklahoma*, 413 U.S. 601, 615-16 (1973)).

¶20. Because we find that Carpenter has failed to prove beyond a reasonable doubt that section 97-5-33(8) is unconstitutional, we find no merit to his argument that the trial court erred in giving jury instruction S-5.

### B.     Entrapment

¶21. Carpenter also asserts that the child-exploitation statute supports entrapment since it allows for prosecutions where no child is actually involved. He argues that "allowing law enforcement to begin an investigation in an 'area' where adults are free to communicate with each other freely, and then create a false victim for the sole purpose arresting and prosecuting someone with no previous indications of criminality . . . is the definition of entrapment."

¶22. On appeal, Carpenter claims that Detective Hansbro made multiple attempts to entrap Carpenter during his investigation. However, the record shows that Carpenter failed to raise the affirmative defense of entrapment below or request a jury instruction on entrapment.[6] As

---

[6] Mississippi Code Annotated section 99-1-25(1) (Rev. 2020) provides "an affirmative defense to a criminal charge that the person was entrapped." "To claim entrapment, the person must admit by the person's testimony or other evidence the substantial elements of the offense charged." *Id*. A person asserting an entrapment defense must prove the following elements by clear and convincing evidence:

(a) The idea of committing the offense was initiated by law enforcement officers or their agents rather than by the person.

9

a result, his entrapment argument is waived on appeal. *Wynn v. State*, 964 So. 2d 1196, 1201

(¶15) (Miss. Ct. App. 2007). Accordingly, we will limit our discussion to whether

Mississippi's child-exploitation statute "supports" entrapment.

¶23.    "Entrapment has been defined as 'the act of inducing or leading a person to commit

a crime not originally contemplated by him, for the purpose of trapping him for the offense.'"

*Hopson v. State*, 625 So. 2d 395, 399 (Miss. 1993). Here, the State argues that the fact that

Detective Hansbro provided an opportunity for Carpenter to commit the offense of child

exploitation does not mean that Detective Hansbro entrapped Carpenter. We agree.

Mississippi Code Annotated section 99-1-25(3) states, in pertinent part, that "[a] person does

not establish entrapment if the person was predisposed to commit the offense and the law

enforcement officers or their agents merely provided the person with an opportunity to

commit the offense[.]" Additionally, "[i]t is not entrapment for law enforcement officers or

their agents merely to use a ruse or to conceal their identity[.]" *Id*. Furthermore, the

language of section 97-5-33(6)-(7) is clear that the defendant must be the one to knowingly

entice the child (or undercover officer) to engage in prohibited sexually explicit conduct.

This language prevents entrapment by requiring the defendant, not the authorities, to make

---

> (b) The law enforcement officers or their agents urged and induced the person
> to commit the offense.
>
> (c) The person was not predisposed to commit the type of offense charged
> before the law enforcement officers or their agents urged and induced the
> person to commit the offense.

Miss. Code Ann. § 99-1-25(2); *see also Jones v. State*, 382 So. 3d 558, 563-64 (¶23) (Miss.
Ct. App. 2024). In the case before us, Carpenter failed to raise the affirmative defense of
entrapment below or request a jury instruction on entrapment.

the unlawful solicitation.

¶24.     As for Carpenter's claim that it was legally impossible for him to commit the charged crime because there was no actual child, the Mississippi Supreme Court has held that "[t]he act of solicitation does not require that the thing solicited even exists." *Shaffer v. State*, 72 So. 3d 1070, 1072 (¶7) (Miss. 2011). Under Mississippi's child exploitation statute, the crime is complete when the defendant solicits a minor to engage in sexually explicit conduct—"whether or not the person he was talking with was actually a minor." *Id*.

¶25.     After our review, we find that subsection (8) is not unconstitutionally overbroad and does not support or encourage entrapment.

## II.     Sufficiency of the Evidence

¶26.     Carpenter next challenges the sufficiency of the evidence supporting his convictions for child exploitation. Specifically, Carpenter argues the State failed to prove that his alleged offenses occurred "on or about" October 10, 2021, the date listed in Carpenter's indictment. Carpenter also claims that because the State failed to prove the date of the offenses, the trial court erred in giving jury instructions S-1 and S-2, which set forth the elements of the charged offenses and stated that the offenses occurred "[o]n or about October 10, 2021[.]"[7]

---

[7] Carpenter also argues that the trial court erred in allowing the jury to see the binder tabs reflecting the date range of the text communications between Carpenter and Detective Hansbro. However, the State asserts that this issue is procedurally barred from consideration on appeal due to Carpenter's failure to comply with Mississippi Rule of Appellate Procedure 28(a). Rule 28(a)(7) states that the argument section of an appellate brief "shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." The rule "does not simply require a party to mention authority; the authority must be used to develop the argument in a meaningful way." *Walker v. State*, 197 So. 3d 914, 919 (¶25) (Miss. Ct. App. 2016). Arguments that do not comply with the rule are procedurally barred.

¶27. When reviewing the sufficiency of the evidence, this Court "view[s] the evidence in the light most favorable to the State and giv[es] the State the benefit of all favorable inferences reasonably drawn from the evidence" to determine whether "any rational juror could have found the essential elements of the crime beyond a reasonable doubt." *Chisholm v. State*, 365 So. 3d 229, 245 (¶66) (Miss. 2023).

¶28. As a procedural matter, we first address the State's contention that this issue is barred from our consideration on appeal. Our review of the record confirms that Carpenter failed to raise the issue of the State's failure to prove the date of the offenses when he moved for a directed verdict. In his post-trial motions, Carpenter argued that "[t]he verdict of the jury was against the weight of the evidence and the State failed to prove a prima facie case as charged in the indictment."

¶29. The supreme court has stated that "[a] motion for a directed verdict on the grounds that the [S]tate has failed to make out a prima facie case must state specifically wherein the [S]tate has failed to make out a prima facie case. Motions for a directed verdict must be specific and not general in nature." *Sheffield v. State*, 749 So. 2d 123, 126 (¶10) (Miss. 1999) (citation omitted). Post-trial motions for JNOV or a new trial require the same specificity. *Id.* When a defendant fails to raise a specific challenge to the State's proof in his motion for a directed verdict and in his motion for JNOV or a new trial, the defendant "is procedurally barred from raising this issue for the first time on appeal." *Id.*; *see also Griffin v. State*, 269

---

*Hill v. State*, 215 So. 3d 518, 524 (¶10) (Miss. Ct. App. 2017). After reviewing Carpenter's appellate brief, we find that Carpenter failed to provide any meaningful argument or citation to relevant authorities to support his argument regarding the binder tabs. As a result, we find this issue is procedurally barred on appeal.

So. 3d 337, 350 (¶¶40-41) (Miss. Ct. App. 2018). Because Carpenter failed to specifically challenge the State's failure to prove the date of the offenses in his motion for a directed verdict or in his post-trial motions, this issue is procedurally barred.

¶30. Procedural bar notwithstanding, we turn to examine Carpenter's claims that the State failed to sufficiently prove the date of the offenses or that "[t]he only evidence introduced regarding the date of October 10, 2021 came from the tabs [in the binder.]" We recognize that "an allegation as to the time of the offense is not an essential element of the offense charged in the indictment." *Ross*, 288 So. 3d at 322 (¶17) (quoting *Chapman v. State*, 250 So. 3d 429, 450 (¶136) (Miss. 2018)). The supreme court has held that "proof of any date before the return of the indictment [(within reasonable limits)] and within the statute of limitations is sufficient." *Id*. Therefore, we "must determine if the evidence was sufficient to enable a reasonable juror to conclude that the [child exploitation] occurred within reasonable limits, or reasonably near, the timeframe set forth in the indictment[.]" *Id*. at (¶18) (internal quotation marks omitted).[8]

¶31. The transcript shows that Detective Hansbro repeatedly testified that Carpenter

---

[8] The supreme court also provided that "[i]n determining whether the proof of when the crime occurred is within reasonable limits, this Court must consider whether the defendant had adequate notice of the charge(s) against him so that he was able to prepare his defense and not be surprised at trial" and "whether the defendant is protected against a second prosecution for the same offense." *Id*. at (¶18) (citation omitted). However, as we will discuss, Detective Hansbro testified as to the specific dates of his communications with Carpenter, including the dates listed in the indictment. The record reflects that Carpenter never asserted an alibi defense or claimed that he was unable to adequately defend the charges against him at trial, nor did he claim that he was surprised at trial. We therefore find that Carpenter had notice of the charges against him and that he is protected against any later prosecution for the same crimes.

communicated with him on October 10, 2021, and Detective Hansbro provided extensive testimony regarding this communication. Additionally, the State submitted into evidence a binder containing all of the text communications between Detective Hansbro and Carpenter. According to Detective Hansbro, Carpenter began texting him on October 10, 2021, from a different phone number than he had used in their prior communications. During this time frame, Carpenter sent Detective Hansbro text messages requesting nude photographs, and Carpenter also expressed his desire to meet for sexual activity and to marry Detective Hansbro's underage persona. Detective Hansbro confirmed that during the time of these particular communications with Carpenter, he was posing as two different underage females: a thirteen-year old female and a fourteen-year old female.

¶32. Carpenter asserts that at one point during cross-examination, Carpenter's counsel asked Detective Hansbro if "the third phone started being used October the 14th of 2020. Does that sound about right or was it 2021?" Detective Hansbro responded, "I don't know the exact start date for the third number. What number are you referring to?" However, the transcript shows that on redirect, Detective Hansbro confirmed that on or about October 10, 2021, Carpenter requested sexually explicit photos and also he requested to meet for sexually explicit purposes.

¶33. Upon review, we find that Detective Hansbro's testimony regarding the nature of his communications with Carpenter "on or about" October 10, 2021, was sufficient to prove the date of the offense listed in the indictment and in the jury instructions. Accordingly, the trial court did not err in giving jury instructions S-1 and S-2.

14

¶34. Furthermore, after viewing the evidence in the light most favorable to the State, we find that there is sufficient evidence for a reasonable jury to conclude that Carpenter knowingly enticed a child to produce sexually explicit photographs and to engage in sexually explicit conduct on or about October 10, 2021.

## CONCLUSION

¶35. Because we find no reversible error, we affirm Carpenter's convictions and sentences.

¶36. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**